[Civ. No. 899.   Second Appellate District.—May 6, 1911.]

E. JUNIOR BENNETT, Respondent, v. SARAH G. POTTER, Appellant.

APPEAL TAKEN TOO LATE—DISMISSAL.—An appeal from a judgment taken more than six months after its entry is too late, and will be dismissed.

ORDER DENYING NEW TRIAL—REVIEW UPON APPEAL—SUFFICIENCY OF COMPLAINT AND FINDINGS—SUPPORT OF JUDGMENT.—The sufficiency of the complaint and of the findings to support the judgment cannot be reviewed or considered upon appeal from an order denying a motion for a new trial. Those questions could only be considered on appeal from the judgment.

ACTION FOR BREACH OF CONTRACT TO SELL PERSONAL PROPERTY—TITLE IN VENDEE—MEASURE OF DAMAGES.—The measure of damages in an action for a breach of contract to sell personal property, the title to which has vested in the vendee, for nonpayment therefor, is deemed to be the unpaid contract price.

ID.—EXECUTORY CONTRACT TO SELL AUTOMOBILE FOR AGREED PRICE—OFFER OF DELIVERY—RETENTION FOR PURCHASER'S USE—TITLE PASSED.—Title is transferred under an executory contract to sell an automobile for an agreed price, where the seller has completed it, prepared it for delivery, and offered it to the buyer, and has stored it for the purchaser's use, with intent to transfer the title thereto, so that the buyer could at any time have had the full and unrestricted use thereof.

ID.—ELECTION OF VENDOR—TITLE AND DELIVERY TO VENDEE—IMPROPER EVIDENCE OF SALE BY VENDOR WITHOUT NOTICE—CREDIT ON CON-

tract Price.—Where the vendor of the automobile, in an action for a breach of the contract of purchase thereof, elected to treat the title as having passed to the vendee, and alleged and the court found that the automobile had been delivered, according to the contract for the sale thereof, the court erred in admitting evidence, over the objection of the vendee, to show that the vendor had, without notice to the vendee, sold the automobile pending suit, just before the trial, for less than one-half of the contract price, and in crediting the amount thereon, and allowing the recovery of the remainder of the contract price by the vendor from the vendee.

Id.—Value of Automobile in Market Immaterial.—Under the cause of action, relied upon in the complaint for damages for breach of the contract of sale, the value of the automobile in the market was immaterial.

Id.—Sale Under Vendor's Lien not Effected—Notice Essential.— In order to effect a sale for the enforcement of a vendor's lien on the automobile, as personal property, it must be sold in the same manner in which pledged property is sold, after notice to the vendee of the time and place of the sale.

Id.—Sale Without Notice a Conversion of the Property.—A sale of the automobile without notice to the vendee amounted to a conversion of the property of the vendee, for which damages might be recovered by the vendee.

Id.—Prejudicial Error.—As the effect of the admission of the testimony showing the sale of the property had just before the trial would be to compel the vendee to accept in lieu of damages for conversion the price claimed to have been obtained for the automobile, and which the court credited her with, it cannot be said that the error in admitting that evidence was without prejudice, since it does not appear that the sale was made with her consent as vendee.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellant.

Edward L. Payne, for Respondent.

JAMES, J.—The complaint in this action contained three counts. At the trial plaintiff elected to proceed upon the third count, which stated a cause of action for breach of contract, consisting in the refusal of defendant to accept and

pay for a certain automobile purchased by the latter from the plaintiff. Judgment was in favor of plaintiff and against defendant for the sum of $1,775 and interest. Defendant appealed from the judgment and from an order denying her motion for a new trial. The appeal from the judgment was taken too late. Notice of appeal was filed more than seven months after judgment was entered; hence that appeal should be dismissed. (Code Civ. Proc., sec. 939; *Robinson* v. *Eberhart,* 148 Cal. 496, [83 Pac. 452].)

The appeal from the order denying defendant's motion for a new trial presents for review the matter as to the sufficiency of the evidence to sustain the findings, and the further question as to whether or not the court erred in the admission of certain testimony which was objected to by defendant. The complaint must be treated as sufficiently stating a cause of action, and the findings cannot be examined for the purpose of determining whether or not they support the judgment. Those questions could only be considered on the appeal from the judgment. (*Swift* v. *Occidental M. Co.,* 141 Cal. 165, [74 Pac. 700] ; *Sharp* v. *Bowie,* 142 Cal. 467, [76 Pac. 62] ; *Coburn* v. *California Portland Cement Co.,* 144 Cal. 82, [77 Pac. 771] ; *Jenson* v. *Will & Finck Co.,* 150 Cal. 413, [89 Pac. 113].)

Plaintiff in his third cause of action—the one upon which the trial was had—alleged that defendant, on December 26, 1906, purchased from him an automobile for the price of $3,650; that a written agreement of purchase was executed by defendant. This agreement was set out in full in plaintiff's complaint. It recited that defendant agreed to purchase the automobile for the price stated, as soon as plaintiff had received the machine and had it ready for delivery. The agreement contained the further statement that $75 was then paid by defendant as first payment, and that the balance of the purchase price was to be paid in two installments, $425 to be paid on January 1, 1907, and the remainder thereof upon notice being given to defendant that the automobile was ready for delivery. Plaintiff alleged that the automobile was received by him from the factory and that he notified defendant that it was at his place of business and "delivered in accordance with the agreement of sale," and that defendant had paid no part of the purchase price except the sum of

$75. He further alleged that he had continued to hold possession of the automobile for defendant's use and benefit and subject to her order, and that at no time after its arrival could defendant not have had the free and unrestricted use of the said automobile. The trial court found all of these allegations to be true. Plaintiff's cause of action, therefore, was one for damages for breach of contract, where the vendee had refused to accept and pay for personal property purchased, title to which had passed to such vendee. "Title is transferred by an executory agreement for the sale or exchange of personal property only when the buyer has accepted the thing, or when the seller has completed it, prepared it for delivery, and offered it to the buyer, with intent to transfer the title thereto, in the manner prescribed by the chapter upon offer of performance." (Civ. Code, sec. 1141.) Plaintiff here alleged a delivery of the automobile, and the court found that delivery had been made according to the agreement. Plaintiff elected to treat the title as having passed. He not only affirmed that fact by alleging delivery, but alleged further that he had held possession of the automobile and stored it for defendant's use and benefit, and that she could at any time after its arrival at his business place have had the "full and unrestricted use thereof." Over the objection of defendant, the trial court allowed plaintiff to show that a few days before the trial of the action he had sold the automobile for the price of $1,800, which he asserted was the best price obtainable in the then market. In arriving at the amount of judgment to be entered against the defendant, credit for the sum of $1,800 was allowed against the remaining balance of the contract price. In the decision rendered prior to rehearing granted in this cause, it was said that the admission of evidence showing that plaintiff had sold the automobile a few days prior to the trial did not seem to be prejudicial to the rights of defendant. A further examination of the question has led us to the conclusion that the error was prejudicial. Under the cause of action stated in the third count of plaintiff's complaint, the matter of the value of the automobile was immaterial. The measure of plaintiff's damage in the case made by him is stated in section 3310, Civil Code, as follows: "The detriment caused by the breach of a buyer's agreement to accept and pay for personal

property, the title to which is vested in him, is deemed to be the contract price.'' Another section of the same code determines the obligation of the vendor with respect to property which is treated by him as belonging to the vendee, as was the automobile in this case. Section 1503 provides as follows: ''The person offering a thing, other than money, by way of performance, must, if he means to treat it as belonging to the creditor, retain it as a depositary for hire, until the creditor accepts it, or until he has given reasonable notice to the creditor that he will retain it no longer, and, if with reasonable diligence he can find a suitable depositary therefor, until he has deposited it with such person.'' It is true that plaintiff might have sold the automobile to satisfy his vendor's lien thereon, but he did not proceed as vendors in such cases are required to proceed. Property subject to a vendor's lien must be sold in the same manner as pledged property is sold, and reasonable notice must be given to the vendee of the time and place of the sale. (Civ. Code, secs. 3049, 3052.) Defendant was given no notice before trial by the plaintiff that the automobile had been sold, and no issue as to its value at the time of such sale had been tendered to him and which he might have been prepared to meet had it been so properly tendered. If the automobile belonged to defendant and title thereto had passed, as alleged by plaintiff and found by the court, then the act of the plaintiff in selling it amounted to a conversion of defendant's property, damages for which might be recovered. Allegations appearing in plaintiff's complaint to the effect that the automobile had no market value tendered no issue material to the cause of action stated against defendant. Defendant rested her defense upon the claim that she had made an effective countermand of the order for the purchase of the automobile. She had the right to assume that in the event the case went against her on that issue, as it did, that she could rely on the assertion of plaintiff expressed in his complaint, that he held the automobile subject to her order, and that if she was required to pay the price, she might have the thing contracted for. She could assume, too, properly, that if any sale of the automobile was contemplated to be made by the plaintiff to satisfy his vendor's lien, that she would be given a notice of the time and place of sale as the code sections require. As the effect of the

admission of the testimony, showing sale of the property had just before the trial, would be to compel defendant to accept, in lieu of damages for conversion, the price claimed to have been obtained for the automobile and which the court credited her with, it cannot be said that the error in admitting that evidence was without prejudice. The court did not find that the sale was made with defendant's consent.

The findings are sustained by the evidence, but because of the error complained of, made on the admission of testimony, the order denying defendant's motion for a new trial must be reversed.

The appeal from the judgment is dismissed. The order denying defendant's motion for a new trial is reversed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 5, 1911, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 5, 1911.