[L. A. No. 6578.　In Bank.—June 28, 1921.]

A. PHILLIPS, Appellant, v. B. STARK et al., Respondents.

[1] SALES — PASSING OF TITLE — BREACH OF BUYER — SELECTION OF WRONG MEASURE OF DAMAGES—RECOVERY BY SELLER.—Where a buyer of personal property, after the delivery of possession and consequent passing of title, refused to pay for the property and abandoned the same, and the seller retook possession and sold the property at public auction, the act of the seller in suing for the difference between the contract price and the amount realized on the auction sale instead of for the contract price, which was the true measure of damages under section 3310 of the Civil Code, did not preclude the court from according him the proper damages.

[2] ID.—RETAKING AND RESELLING OF PROPERTY—LACK OF RESCISSION.—Where a buyer of personal property after the passing of title not only refused to pay for the property but repudiated the contract and abandoned the property, the acts of the seller in retaking possession and reselling the property did not indicate any acquiescence in such repudiation or any intent to end the sale so as to amount to a rescission.

[3] ID.—DAMAGES—OFFSET OF VALUE OF PROPERTY—CONSTRUCTION OF CODE.—Where a seller of personal property after the buyer's default retakes possession, the value of the property must be offset against the purchase price, since the measure of damages provided by section 3310 of the Civil Code is based upon the assumption that because title has passed, the property has gone from the seller and he has nothing but his claim against the buyer without any offsets.

[4] ID.—ACTION FOR DAMAGES—PLEADING—MARKET VALUE OF PROPERTY.—In an action by a seller of personal property to recover damages for the buyer's breach of contract where title had passed and the seller retook possession and resold the property, the complaint should allege the market value of the property, but a judgment against the plaintiff will not be sustained by reason of the omission, where no point was made of the defect.

APPEAL from a judgment of the Superior Court of Los Angeles County.　J. P. Wood, Judge.　Reversed.

The facts are stated in the opinion of the court.

Lester Wm. Roth and Janeway, Beach & Pratt for Appellant.

186 Cal.—24

E. F. Gerecht for Respondent.

OLNEY, J.—This is an appeal by the plaintiff from a judgment of nonsuit. The plaintiff's evidence was in substantial accord with the allegations of his complaint and was to the following effect:

The plaintiff was the owner of a bakery and sold it to the defendants for the price of ten thousand dollars. The defendants at the time gave the plaintiff a check for five hundred dollars on account, agreed to pay the balance the next day, and received immediate possession. The next day the plaintiff called upon the defendants to obtain the balance of nine thousand five hundred dollars, and in the course of the interview was tricked into giving them temporary possession of the check for five hundred dollars. As soon as they got the check, the defendants tore it up, refused to pay anything on the purchase price, and told the plaintiff that the sale was off, that they would have nothing to do with the property, and he could do with it as he pleased. The defendants then abandoned the bakery, and the plaintiff retook possession and sold it at public auction, but without giving the notice to the defendants required by the code for a sale in enforcement of a vendor's lien. (Civ. Code, secs. 3049, 3002.) Upon these facts the plaintiff sought to recover the difference between the contract price of ten thousand dollars and the amount realized on the auction sale, some six thousand dollars.

[1] The delivery of possession to the defendants, of course, operated to pass title, there being nothing to indicate a contrary intent. The case was, then, one where the vendees of personal property, the title to which had vested in them, refused to pay for the property. It, therefore, came directly within the language of section 3310 of the Civil Code, providing that where the title to personal property has passed to a vendee, the detriment caused by his refusal to pay for the property is deemed to be the contract price. Because the case does come within this code section, and because the plaintiff sued, not for the contract price, but for the difference between it and the sum realized on the auction sale, it is claimed that the plaintiff has elected to pursue a remedy to which he is not entitled. Upon this ground the nonsuit was asked and granted.

But a consideration of the case and of the code section shows immediately two things: first, that a contract of sale was made and broken by the defendants and that, therefore, the plaintiff has a cause of action for damages against them unless in some way he has lost it, and, second, that the code section is not dealing with the remedy, using the word in its true sense, to which the vendor may be entitled, but with the measure of the damages to which he is entitled, if he is entitled to the remedy of damages. There is, of course, a marked difference between a plaintiff being entitled to a certain measure of damages and his being entitled to damages at all. It is very possible for a party to a contract broken by the other party to it to make such an election of remedies as to preclude him from thereafter seeking and obtaining the remedy of damages, but if he has not made such an election and is entitled to damages, the fact that he seeks damages according to a wrong measure is almost wholly inconsequential and does not preclude the court from according him the damages to which he is entitled according to their true measure. This is clearly evident in the present case when we consider that the defendants' contention, as they put it, really amounts to but this, that the plaintiff should have sued them for ten thousand dollars, the contract price, instead of for but four thousand dollars, the difference between the contract price and the sum realized from the auction sale. The defendants certainly cannot complain because they have been sued for too little, and the plaintiff should certainly not be nonsuited upon any such ground.

[2] The foregoing discussion is of the defendants' contention on its face as it is presented. As such, it is very easily disposed of as not involving any question of an election of remedies at all. There lies behind it, however, a real question as to an election of remedies, quite different from the contention as presented, but which we believe the contention was intended to present. That question is, Did the plaintiff by his acts in retaking possession of the property and reselling it make such an election of the remedies he might pursue for the defendants' breach of contract as thereafter to preclude him from pursuing that of a recovery of damages? This is the real question presented by the facts of the case, and we may take it that it is raised by the defendants. To its consideration we pass.

One of the remedies to which the plaintiff was entitled upon the defendant's repudiation and consequent breach of the contract was that of rescission, and if he chose to avail himself of this remedy, he could not thereafter seek and obtain the different and wholly inconsistent remedy of damages. On the other hand, we think it evident that unless the contract was rescinded, the plaintiff is entitled to the remedy of damages, since the contract still stands and its breach appears. The question then is, Did either of the two acts of the plaintiff, that of retaking possession or that of reselling the property, amount to a rescission, or, putting it in another way, was either of them inconsistent in any manner with the plaintiff still insisting upon the continuance in effect of the contract and his right to recover for its breach?

As to the retaking of possession, if the plaintiff had done so under such circumstances as to show an acquiescence on his part in the position taken by the defendants that the sale was off, there would at once have been a rescission by mutual consent. It might also be (we express no opinion upon the point) that if, upon the defendants' refusal to pay, the plaintiff had insisted on retaking possession from them without any abandonment of possession on their part, his act in so doing would be taken to manifest an intention on his part to end the sale then and there, and to amount to a rescission. But when the defendants not only refused to pay, but repudiated the contract and abandoned the property, the plaintiff's act in retaking possession of it certainly cannot be said to indicate any acquiescence on his part in the repudiation or any intent to end the sale. Whether he intended to insist upon the contract or not, the only sensible thing for him to do was to retake possession. He either had to do so for the protection of the property or allow it to be lost or destroyed for want of protection. He could, of course, have left it to its fate, but he was not required to follow any such hazardous and unreasonable course. The defendants thrust the necessity of taking possession upon him, and very plainly against his will, and without any thought on his part of acquiescing in their repudiation or himself terminating the contract of sale. Under these circumstances, there was no rescission.

For much the same reasons, the second act of the plaintiff, that of reselling the property, did not amount to a rescission. The defendants had repudiated the contract and abandoned the property. The plaintiff had it on his hands. Was he, in spite of the defendants' absolute and unequivocal repudiation of the contract, to be required to hold it for them indefinitely under penalty of otherwise acquiescing in their repudiation and losing any right of recovery against them? That question has been answered in this state in cases exactly similar except for the fact that title to the property had not passed to the vendee. It has been held a number of times that a resale by a vendor whose vendee has repudiated the contract does not work a rescission. (See *Tomboy Gold etc. Co.* v. *Marks*, 185 Cal. 336, [197 Pac. 94], and cases there cited.) Upon this point we can see no difference between them and such a case as the present where the title has passed before the repudiation, but the vendee by the repudiation has left the property upon the vendor's hands. The actual situation of the parties is exactly the same. The vendees wrongfully refuse to consummate the sale, and the vendor has the property on his hands. In fact, we see no reason why the plaintiff may not insist that the defendants, by thrusting the property back upon him and thereby undoing the delivery by reason of which title passed, have in effect estopped themselves from claiming that their rights are any different than they would have been if the delivery had not been made.

Reliance is placed by the defendants upon the authority of *Bennett* v. *Potter*, 16 Cal. App. 183, [116 Pac. 681]. The facts of that case upon the point under discussion were identical with those now presented, that is, it was a case where a vendor, left with property on his hands the title to which had passed to the vendee, resold the property, but not in the manner required for the enforcement of a vendor's lien, and brought suit for the difference between the contract price and the amount obtained on the resale. But, while there is no difference in the facts, there is a decided difference in the action which the court took upon the facts. The plaintiff was not nonsuited nor refused any recovery, but quite the contrary. In *Bennett* v. *Potter* the trial court had allowed the plaintiff judgment for the difference between the contract price and the amount

realized on the resale. This was reversed on appeal, but not on the ground that the plaintiff was not entitled to recover anything. It was reversed on the ground that, since the resale had not been made in the manner prescribed for the enforcement of a vendor's lien, the defendant was not bound by it, that as a result the plaintiff had been guilty of a conversion of the property for which he was liable to the defendant, and that the amount received by the plaintiff on the resale could not be taken as the defendant's measure of damages for this conversion. It is not said in so many words, but the plain implication from the opinion is, that the plaintiff was entitled to recover the contract price offset by the amount of damages done the defendant by the conversion worked by the resale. The decision, therefore, does not justify the nonsuit in the present case, but rather the contrary.

Our conclusion, then, is that neither of the acts of the plaintiff, which it might be claimed amounted to an election of remedies, did in fact do so, and that so far as the plaintiff's evidence shows he still has the right to recover in damages for the defendants' breach of the contract. This being the case, the order granting the nonsuit was erroneous and the judgment based upon it must be reversed.

[3] Before dismissing the cause, however, there are two things which perhaps should be added. The first is in regard to the measure of the damages to which the plaintiff is entitled. The measure provided by section 3310 of the Civil Code, in cases where title has passed to the vendee, is the full purchase price. But this measure, of course, is based upon the assumption that because the title has passed, the property has gone from the vendor and he has nothing but his claim against the vendee without any offsets. But where, as here, although the title has passed, the vendor still retains the property, the value of the property must be offset against the purchase price. The vendor may not have both the full purchase price and the property. It is quite immaterial in the present case upon what theory this is worked out, whether upon that suggested by us, that by repudiating the contract and thrusting the property back on the plaintiff, the defendants put him in the situation of a vendor under an executory contract, in which case the measure of damages is the difference between the

contract price and the market value of the property (Civ. Code, secs. 3311, 3353), or upon that suggested by *Bennett v. Potter,* that the vendee is responsible for the full purchase price under section 3310 of the Civil Code, but the vendor is liable to the vendee in damages for a conversion. The result is the same in either case, since the measure of damages for a conversion is the market value of the property. (Civ. Code, sec. 3337.)

[4] The other thing that we would add is that the complaint is defective in not alleging the market value of the property. It does allege the amount for which it sold on the resale, and this was evidence of the market value (*Meyer v. McAllister,* 24 Cal. App. 16, [140 Pac. 42]), but the allegation was only one of an evidentiary and not of an ultimate fact. No point was made of this defect, and it could easily have been cured if point had been made of it. The judgment against the plaintiff should not, therefore, be sustained by reason of it.

Judgment reversed with leave to the parties to amend their pleadings, if they so desire.

Shaw, J., Wilbur, J., Sloane, J., Lennon, J., Angellotti, C. J., and Lawlor, J., concurred.