[Civ. No. 4298.   First Appellate District, Division Two.—September 20, 1922.]

LOUIS L. LEVY, Respondent, v. CARRIE L. KAHN, Appellant.

[1] SALES—BREACH OF BUYER — RESALE AFTER TENDER — DAMAGES.— Where prior to the time when delivery was had under executory contracts for the purchase of personal property the purchaser repudiated the contracts, and within due time the seller made a valid tender of all the property sold and the purchaser refused to accept delivery, denying all liability under the contracts, and thereafter, and without notice to the purchaser, the seller resold the property at private sale, the measure of damages was the difference between the market value and the contract price.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward Myers, Frank E. Powers and Frank J. Hennessy for Appellant.

Brownstone & Goodman for Respondent.

NOURSE, J.—Plaintiff recovered judgment upon several causes of action for damages for the breach of several executory contracts for the purchase of personal property. Prior to the time when delivery was had under the contracts the defendant repudiated each and all of the contracts. Within due time plaintiff made a valid tender of all the property sold and the defendant refused to accept delivery, denying all liability under the contract. Thereafter, and without notice to the defendant, the plaintiff resold the property, at private sale. In each cause of action the plaintiff pleaded the execution of the contract, performance on the part of plaintiff, the tender and defendant's refusal to accept delivery thereof, the market value of the property at the time and place when and where delivery should have been made,

Effect of resale to fix damages for refusal of purchaser to accept goods, note, 42 L. R. A. (N. S.) 669.

and the difference between its market value and the contract price, for which sum plaintiff prayed and recovered judgment.

On this appeal the defendant urges that because of the tender made by the vendor title actually passed to the vendee. From this it is argued that plaintiff's measure of damages is the contract price in accordance with the provisions of section 3310 of the Civil Code.

[1] A similar case was presented in *Phillips* v. *Stark*, 186 Cal. 369 [199 Pac. 509], and what was said there controls the decision in the case at bar. In the Phillips case, as here, the defendants after tender and part payment repudiated an executory contract of sale. The plaintiff sold the property at public auction without notice to the defendants. Thereafter plaintiff sued to recover the difference between the contract price and the amount realized on the auction sale. It was held that the title had passed to the defendants and that section 3310 of the Civil Code applied for the purpose of fixing the measure of damages, but that it had no applicaiton for the purpose of fixing plaintiff's remedy. It was also held that section 3310 of the Civil Code in fixing the measure of damages as the full contract price where title had vested in the vendee did so on the assumption that because the title had passed the vendor had nothing but his claim against the vendee without any offsets. "But where, as here, although the title has passed, the vendor still retains the property, the value of the property must be offset against the purchase price. The vendor may not have both the full purchase price and the property. It is quite immaterial in the present case upon what theory this is worked out, whether upon that suggested by us, that by repudiating the contract and thrusting the property back on the plaintiff, the defendants put him in the situation of a vendor under an executory contract, in which case the measure of damages is the difference between the contract price and the market value of the property (Civ. Code, secs. 3311, 3353), or upon that suggested by *Bennett* v. *Potter*, that the vendee is responsible for the full purchase price under section 3310 of the Civil Code, but the vendor is liable to the vendee in damages for a conversion. The result is the same in either case,

since the measure of damages for a conversion is the market value of the property. (Civ. Code, sec. 3337.)'' (186 Cal. 374, 375 [199 Pac. 512].)

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.