[Civ. No. 5163. Second Appellate District, Division One.—June 26, 1928.]

W. R. LORD, Respondent, v. CHAS. SMITH, Jr., et al., Appellants.

Ben S. Beery for Appellants.

Brown & Mahon for Respondent.

YORK, J.—This action was commenced for the recovery of $330 alleged to be due from the defendants to plaintiff (assignee of Remington Cash Register Co.) under a contract of conditional sale of a Remington cash register. The original price was $375, $45 was paid and the balance was payable at the rate of $20 per month. The contract provided that in case of default "the purchase price of said register, less any actual payments thereon, shall at once become due and payable; . . . " The contract further provided that the Remington Cash Register Company, or its agent, may, if it so elect, "take possession of and remove said register without legal process and retain as rental for the use of said register while in the possession of the undersigned all payments theretofore made." Said contract also provided that "the register shall remain your property until the price, or any judgment for the same is paid in full."

It appears from the record that the cash register in question was delivered to the defendants, who were doing business under the firm name and style of Windsor Square Grocery Company, and that thereafter upon a sale of the business of the Windsor Square Grocery Company from the defendants to other parties, the Remington Cash Register Company was notified to remove the machine by the purchasers of the business, and they were also notified that if they did not remove the cash register from the premises that the same would be placed in the alley. Thereupon, the Remington Cash Register Company took possession of the cash register and this action was brought in the name of W. R. Lord, to whom the Remington Cash Register Company had sold and assigned its interest in and to the contract and the payments due thereunder.

Said contract provided that in case suit should be brought for the collection of the purchase price or the amount due thereon that the defendants would pay a reasonable attorney's fee to be fixed by the court. The only thing that the Remington Cash Register Company could do on such notification that the cash register would be moved into the alley was either to come and take possession of the same to protect it, or to sue on the contract for the money to be paid thereunder and abandon any security that they might obtain by reason of holding possession of the cash register. This latter method they did not have to adopt. The taking under such circumstances is not a rescission of the sale and cannot act as a bar to the recovery of the purchase price.

As to the objection of appellants to the introduction of the letters in evidence that passed between the Remington Cash Register Company, Inc., and the successors in interest of the defendants herein in the business which they had been conducting, it appears from the entire record that such letters were merely the notification of the Cash Register Company to the successor in the business as to their position and the grounds of taking possession, and were in response to the notification of such successors in interest to remove the cash register, which letter was also properly admissible in evidence to show the necessity for the protection of the cash register.

The findings of the court are sufficient to support the judgment, and there is in the record sufficient evidence to support the findings of the trial court.

The judgment is, therefore, affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. Appellants' principal contention is that the Remington Company, by resuming possession of the cash register, elected to terminate the contract, and thereby lost its right to maintain an action on the contract, to recover the unpaid balance of the purchase price. Even in the event of a completed sale of personal property, where a vendee, to whom title had passed, abandoned the property and exposed it to dangers arising from the absence of protection, it was held that although the vendor might have left to its fate the property so abandoned, yet he was not required to follow any such hazardous and unreasonable course. Under the stated circumstances, although the vendor took the property into possession, this act did not amount to an election of remedies, and did not deprive the vendor of his right to an action on the contract. (*Phillips* v. *Stark*, 186 Cal. 369, 374 [199 Pac. 509].) Notwithstanding that the present action arises out of a conditional sale contract, I think that the same rule applies here.

HOUSER, J., Concurring.—I concur in the opinion herein as expressed by Mr. Presiding Justice Conrey.