[Civ. No. 6957. First Appellate District, Division Two.—August 9, 1929.]

C. V. PETERSON et al., Respondents, v. HARRY KAUFMAN et al., Appellants.

W. M. Conley, Philip Conley, Matthew Conley and Conley, Conley & Conley for Appellants.

Everts, Ewing, Wild & Everts, Dan F. Conway and C. M. Ozias for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to recover on two alleged contracts of sale of certain carloads of grapes. The defendants answered and a trial was had before the trial court sitting without a jury. The court made findings in favor of the plaintiffs, and from a judgment entered thereon the defendants have appealed.

In form the first count of the plaintiffs' complaint was a common count for goods, etc., sold and delivered for the reasonable value. The defendants answered that count by interposing certain denials, but did not plead any affirmative defenses. On the day the cause was called for trial the plaintiffs were allowed to amend by pleading the agreed value instead of the reasonable value. The defendants assign the order authorizing the amendment as error. The point cannot be sustained. (21 Cal. Jur., p. 195, secs. 135–137.)

On or about the 1st of July, 1926, the plaintiffs turned over to the defendants four cars of grapes. The defendants paid the plaintiffs $500 per car, or a total of $2,000. On the ninth day of August the defendants transmitted to the plaintiffs documents in the form of an account of sales as on consignment and at the same time forwarded two checks—$286.65 and $240.96. The plaintiffs did not cash the checks, but eighteen days later they commenced this action. No interviews or correspondence took place between the parties between the date of the transmission of the documents just mentioned and the commencement of the action. It was the theory of the plaintiffs that the plaintiffs and defendants had entered into a contract to buy and sell and they introduced evidence to sustain their contention. It was the theory of the defendants that the parties had entered into a contract of sale on consignment and they introduced evidence to support their contention. The defendants are emphatic in stating that they do not contend

that they are entitled to question the findings based on a conflict in evidence, but they urge most earnestly that the general principles relative to an account stated and to a tender should apply and that therefore the judgment should have been for the defendants and not for the plaintiffs. Taking up the theory of stated accounts, one of the essentials underlying that theory is that there be an agreement that the balance is correct. An examination of the record shows nothing whatever as indicating an agreement except the mere delay of eighteen days. The findings of the trial court imply that it did not consider the delay of eighteen days as controlling. No other fact appearing in the record, we cannot disturb that implied finding. ■ Taking up the theory of a tender, certain objections are waived if not made at the time of the tender. The entire theory is in the nature of an estoppel. (24 Cal. Jur., p. 531, sec. 14.) As no estoppel or tender was pleaded in the instant case, under the facts above recited, we are unable to state that the act of the plaintiffs in commencing their action was not in itself a sufficient objection to the tender which the defendants now claim.

■ In their second count the plaintiffs sought to recover damages for the breach of an agreement to buy 1790 crates of grapes, that is, two carloads. The plaintiffs introduced evidence to the effect that they sold to the defendants 1790 crates at $1.50 per crate for the total sum of $2,685. The defendants introduced evidence that the grapes were delivered to defendants to be sold on consignment. It is admitted that the grapes were packed in boxes, the boxes were loaded on cars and the cars were shipped to the defendant, Baldwin-Pope Marketing Company, Inc., that plaintiffs turned over to the defendants the bills of lading, and that the defendants delivered to the plaintiffs a check for $750. Shortly thereafter a dispute arose. The result was that the plaintiffs received back the bills of lading and they returned to defendants the check for $750. Nothing was said by either party about rescission. After the plaintiffs received back the bills of lading they resold at private sale to Sweeney & Lyons of Chicago. On the trial, for the purpose of proving damage, over the objection and exception of the defendants, one of the plaintiffs, Mr. Peterson, was allowed to testify that the net proceeds received from

Sweeney & Lyons on the first car was $459.61, and the net proceeds received from Sweeney & Lyons on the second car was $1083.58, that is, a total of $1543.19. In making up its findings the trial court estimated the contract price and from that sum it deducted $1543.19 and awarded judgment in favor of the plaintiffs on the second count for the sum of $1141.81. In other words, the record shows a transaction in which the plaintiffs sold their grapes, the title passed, a dispute arose and the plaintiffs retook possession and attempted to sell for the account of the defendants, but not in the manner provided by law. The defendants contend that the trial court applied the wrong rule in ascertaining the damage. The plaintiffs in one part of their brief state: "In other words, title as well as possession of the grapes was, for a limited time, actually transferred to the defendants." We do not understand them to claim that title was reconveyed. However, their reply to the point made by the defendants is that the plaintiffs took the proper course "otherwise the plaintiffs would have been precluded from making any resale at all." This is not a sufficient answer. When they sold their grapes for eastern shipment they should have considered the possible contingencies. Having made the contract in the form in which it was made, it cannot be said that they did not waive all remedies inconsistent with and inappropriate to the facts. The exact question involved is not new. It received most careful consideration in *Bennett* v. *Potter*, 16 Cal. App. 183 [116 Pac. 681]. Later the question was most carefully examined into in the case entitled *Phillips* v. *Stark*, 186 Cal. 369 [199 Pac. 509]. According to those decisions the admission in evidence of the amount which these plaintiffs received from the private sale to Sweeney & Lyons was prejudicial error.

■ As to both counts the trial court rendered judgment against all of the defendants as designated in plaintiffs' complaint. Later the trial court granted a new trial as to the individual Harry Kaufman. The defendants call to our attention the record showing that Harry Kaufman was the individual who transacted the business with the plaintiffs; that in doing what he did he acted as the disclosed agent of Baldwin-Pope Marketing Company, Inc., and not otherwise. The plaintiffs concede that under those circumstances the corporation alone is responsible. The

judgment on the first count is reversed as to Harry Kaufman and Harry Kaufman doing business under the firm name and style of Baldwin-Pope Marketing Company, Inc., and on that count it is affirmed as against Baldwin-Pope Marketing Company, Inc. The judgment on the second count is reversed. The defendants will recover their costs on appeal.

Nourse, J., and Koford, P. J., concur.