[Civ. No. 3915. Third Appellate District.—November 18, 1929.]

C. M. HOLMES, et al., Appellants, v. VINCENT O. ROBARTS, Respondent.

Albee & Watkinson for Appellants.

Warren L. Williams and Seymour S. Silverton for Respondent.

PRESTON (H. L.), J., *pro tem.*—This is an appeal by plaintiffs, C. M. Holmes and Susan M. Holmes, from a judgment of nonsuit entered against them in an action for rescission. The appeal is upon the judgment-roll alone.

The pleadings set forth these facts: Plaintiffs allege in their original and supplemental complaint that on January 22, 1927, they purchased from defendant Vincent O. Robarts a grocery business, store fixtures and equipment, etc., located in the city of Redondo Beach, California, paying therefor the full purchase price of $1,775, and as part of the same transaction plaintiffs leased from defendant the building in which said store was located, for a period of three years from January 22, 1927, at a monthly rental of $50; paid the first month's rent and took possession of said building and all of said personal property on said twenty-second day of January, 1927, and operated the grocery business in said building until on or about the twelfth day of February, 1927, when plaintiffs served upon defendant a written notice of rescission, stating in substance that they had ascertained that certain representations made by defendant to induce them to enter into the contract of sale and purchase of the grocery business and lease of said building, were false, fraudulent and untrue, and demanded the return of the purchase price of the store and the rent paid. Subsequent to the service of said notice of rescission, and sub-

sequent to the filing of the original complaint in this action, defendant entered into and took possession of the building and stock of groceries, equipment, etc. Thereafter, and on or about April 4, 1927, defendant sold said stock of groceries, fixtures and equipment to one F. R. Faucher, whom plaintiffs allege was acting for and as the agent of said defendant. The supplemental complaint further alleges that ever since said fourth day of April, 1927, defendant has been in the possession of said store building and of said grocery stock, fixtures, equipment, etc., and has been operating the same as his own. Defendant admitted in the answer that after the premises were vacated for approximately one month, and about March 13, 1927, he took possession thereof, and alleged that plaintiffs voluntarily surrendered said premises; that on April 4, 1927, he sold said groceries, etc., at auction to a bidder, and not as agent or one acting for him; that the sale was not fictitious but *bona fide;* that said transaction was through a bank escrow, etc.; that no person was deterred from bidding and that he did not directly or indirectly purchase any of said stock of merchandise.

By further answer, defendant set forth that since January 22, 1927, no rent was paid by appellants for said premises and that $100 became due for rent on the twenty-second day of March, 1927; that on February 12, 1927, appellants served written notice of rescission upon him and delivered to a bank the keys for said premises with instructions to the bank to deliver same to defendant; that plaintiffs notified defendant that they had relinquished possession of said premises and said personal property, etc., and that said premises remained vacant until April 5, 1927, when respondent repossessed the property.

Defendant further alleged in his answer that due to the perishable nature of the merchandise, etc., in said store and the fact that the same was becoming overrun with rodents and was rotting and decaying, he notified plaintiffs to remove said stock of groceries and fixtures from his building by March 20, 1927, and in the event they failed so to do, the same would be stored at plaintiffs' expense, or he would sell the same to the highest bidder and account to plaintiffs for the proceeds; that respondent did later notify plaintiffs of the time of said sale, and did sell said merchandise to the

highest bidder, F. R. Faucher, for $375, and that he herewith offers and tenders to plaintiffs the proceeds of said sale, less the sum of $100 due him for rent according to the terms of said lease.

The case proceeded to trial before the court sitting without a jury upon the issues thus raised and after plaintiffs had introduced all their evidence, the defendant made a motion for a nonsuit, which was granted.

■ In the absence of a record showing the evidence offered and received at the trial, we must assume that the evidence was wholly insufficient to warrant a judgment in plaintiffs' favor, and that the trial court's conclusion was right and proper in every essential particular. (*O'Connell* v. *Behan*, 19 Cal. App. 119 [124 Pac. 1038]; *Heslin* v. *Lapham*, 77 Cal. App. 139 [246 Pac. 150]; *Archer* v. *Harvey*, 164 Cal. 274 [128 Pac. 410].) We are therefore limited in the consideration of this appeal to the admissions made in the pleadings.

Appellants contend that the undisputed facts as to the conduct and acts of the respective parties, as alleged and admitted in their pleadings, constitute a rescission by mutual consent, and that they were entitled to a judgment of rescission.

With this contention we are unable to agree.

Section 1689 of the Civil Code provides: "A party to a contract may rescind the same in the following cases only: . . . (5) By consent of all the other parties."

■ The law is well settled that the giving of notice and the conduct of the parties thereafter may amount to a rescission by mutual consent. (*D. Ghirardelli & Co.* v. *Students' E. & T. Co.*, 175 Cal. 427 [166 Pac. 16]; *Newell* v. *E. B. & A. L. Stone Co.*, 181 Cal. 386 [9 A. L. R. 993, 184 Pac. 659].)

■ The question, therefore, to be determined is, Did either of the two acts of respondent,—that of retaking possession of the store and building, or that of reselling the stock of groceries, fixtures and equipment, amount to a consent or acquiescence to a rescission of the contract; or, in other words, was either act of respondent inconsistent in any manner with respondent still insisting upon the continuance in effect of the contract? We think not.

If the respondent had taken possession under such circumstances as would show an acquiescence on his part in the position taken by appellants, viz., that the sale was repudiated and ended, then there would at once have been a rescission by mutual consent (*Phillips* v. *Stark*, 186 Cal. 372 [199 Pac. 509]); but when appellants repudiated the sale and abandoned the property entirely, and after respondent had notified them to remove the merchandise from his building, and they had refused to do so, he then took possession of the building and merchandise, his act in retaking possession cannot be said to indicate any acquiescence on his part of the repudiation of the contract or any intent on his part to end the sale. Appellants deserted the property and notified respondent that the sale was repudiated, and thereby thrust upon respondent the necessity of retaking possession, and against his will, in order to protect his property. Under such circumstances there was no rescission.

For practically the same reasons the second act of respondent,—that of reselling the groceries, etc., at public auction, did not amount to a rescission. The appellants had repudiated the contract and had abandoned the premises, and had refused to remove their goods and merchandise from respondent's premises. Was respondent, in the face of appellants' absolute and unequivocal repudiation of the sale and abandonment of the entire property, both real and personal, required to stand idly by, indefinitely, and see his property go to rack and ruin, under peril of acquiescing in appellants' repudiation of the contract? Certainly not!

It has been held many times that a resale by the vendor, whose vendee has repudiated the contract, does not work a rescission. (*Phillips* v. *Stark, supra; Tomboy Gold & Copper Co.* v. *Marks*, 185 Cal. 336 [197 Pac. 94]; *Rayfield* v. *Van Meter*, 120 Cal. 419 [52 Pac. 666, 667].)

In *Rayfield* v. *Van Meter, supra,* considering a similar situation, the court said, quoting from *Ketchum* v. *Evertson,* 13 Johns. (N. Y.) 359 [7 Am. Dec. 384]: "The plaintiffs renounced the contract and peremptorily refused to fulfil it; it was vain, therefore, to keep the land for them. The plaintiffs cannot, by their own wrongful act, impose upon the defendant the necessity of retaining property which his exigencies may require him to sell. This would be most un-

reasonable and unjust, and is not sanctioned by any principle of law.''

Appellants lay great stress upon the fact that the grocery stock, etc., had been fully paid for and title had passed to them, and they gave notice of rescission before they became in default on rent and, therefore, respondent had no right to take possession and sell out the stock of groceries, etc., and that. by so doing he impliedly consented to a rescission.

There is no merit in this contention. In the first place, this *is not an action for conversion, but one for rescission.* If respondent had no right to sell the merchandise, or if he sold it for an inadequate consideration, appellants have their remedy in conversion.

Appellants were two months in arrears on the rent and had repudiated the sale and abandoned the property at the time respondent took possession. Respondent, having 'been forced by the action of appellants to take possession to protect his property, no rescission by consent or acquiescence can be attached to such act of respondent.

It seems to us that further discussion is unnecessary. From what has been said it follows that we are of the opinion that respondent did not acquiesce in appellants' repudiation of the sale and lease and that the judgment of nonsuit was correct and should be affirmed, and it is so ordered.

Thompson (R. L.), J., and Finch, P. J., concurred.