[Civ. No. 16593.   Second Dist., Div. Three.   Apr. 14, 1949.]

PAUL R. RICE et al., Appellants, v. FRANK B. NAVARRO et al., Respondents.

[Civ. No. 16592.   Second Dist., Div. Three.   Apr. 14, 1949.]

FRANK B. NAVARRO, Respondent, v. PAUL R. RICE et al., Appellants.

Carroll M. Dunnum for Appellants.

Oral R. Finch and Donald Kolts for Respondents.

SHINN, P. J.—Frank B. Navarro, to be referred to as defendant, entered into a conditional sales agreement for the sale to Paul R. Rice and Eileen B. Rice, to be referred to as plaintiffs, of 20 automatic phonographs ("juke boxes") for the sum of $19,885, payable $5,500 down and the balance in monthly payments of $680. Title to the property remained in the seller, who had the right upon default in payment to declare the whole unpaid amount immediately due, or to declare the purchasers' rights terminated, take possession of the property, "and hold the same, together with the title thereto." It was provided that if the seller should take possession all rights of the purchaser under the contract should immediately terminate and all payments theretofore made should belong to the seller, "purchaser remaining liable for the unpaid balance" etc. It was also provided that the seller could, but was not obligated to, sell the property and apply the proceeds first to the expenses of retaking, reconditioning and selling the property, including attorney's fees; if the unpaid balance exceeded the net proceeds of the sale, the purchasers were obligated to pay the difference, with interest from date of the sale at 7 per cent per annum. The purchasers paid down $3,500, and gave their promissory note for $2,000, made one payment of $20, and 30 days after date of purchase gave notice of rescission upon the ground of alleged fraud and surrendered the machines to defendant. Defendant took possession of the machines, left some of them where they were then located, and stored others. He sued for the balance due on the contract in the amount of $16,311.65 and attorney's fees. On the following day the purchasers instituted an action for rescission, alleging fraud of defendant and his agents, consisting of alleged false representations and promises with respect to the property sold. They also answered Navarro's complaint. The two actions were consolidated for trial and were tried on the same evidence. The court found that neither Navarro nor his agents made any false representations or promises, denied relief to Paul R. and Eileen B. Rice, and rendered judgment in favor of Navarro for the sum of

$16,291.65, plus attorney's fees of $750 and the costs in each action. The court made separate findings, conclusions and judgments in the consolidated actions. Paul R. Rice and Eileen B. Rice appeal from each judgment. The appeals are presented on a single set of briefs.

The allegations of fraud were the following: That all the machines were new; that each was producing an average weekly income of $15 for the owner and would continue to produce that amount; that all the machines were located in Hollywood and defendant would, at plaintiffs' request, substitute other locations; that one machine had a guaranteed weekly return of $15 to the owner; that Paul R. Rice would be able to service the machines in two half days per week and that plaintiffs would earn enough from the machines to meet the installments of the purchase price and have an additional profit of $500 per month. It was alleged that each machine had not been producing a net income of $15 per week but there was no allegation as to the amount they had been producing. It was alleged that during the time plaintiffs operated the machines, some six or seven weeks, the average weekly return to the plaintiffs was the sum of $6.88 or approximately $555 per month. It was alleged that all the machines were not located in Hollywood but six were located elsewhere and defendant refused to substitute other locations. It was also alleged that no machine had a guaranteed weekly return to the owner of $15 or any other amount; also, that it was necessary for Paul R. Rice to devote full time each day to servicing the machines.

The court found all the allegations of fraud to be untrue. Appellants' briefs contain a discussion of the evidence in an attempt to point out its insufficiency to support the findings, but a specification of the findings which it is claimed are unsupported by the evidence appears only in the conclusion of appellants' closing brief. We have nevertheless made a study of the reporter's transcript. We find there was testimony that all of the machines sold plaintiffs were new; that defendants informed plaintiffs that the servicing of the machines was exacting work and especially important in order to keep them constantly in operating condition; that complaints with respect to the machines must have immediate attention. Many of the machines had been recently installed and it was explained to plaintiffs that the locations of some machines would have to be changed when it was found that

the returns from them were unsatisfactory. Two of Navarro's agents testified that they told plaintiffs that the machines, if kept in the locations where they were then installed, or in other good locations, and if properly serviced, should produce an average net income to plaintiffs of $15 per week. It was also explained to plaintiffs that there were substantial fluctuations in the returns from individual machines from time to time. There was evidence that the defendants did not represent that the machines had been netting an average of $15 per week, or any other sum, and that there was but slight evidence as to what the machines had been averaging for the short time they had been installed in the various locations prior to plaintiffs' purchase. It appears also that at the time of the negotiations one machine was under a guarantee of $15 per week to the owner, but that it had to be moved before plaintiffs took possession. There was testimony that an important feature of the operation was the frequent inspection and changing of records and needles and the supplying of records for which there was the largest demand from time to time, and that this feature of the business also was explained to plaintiffs. There was substantial evidence that Paul R. Rice in numerous instances did not furnish the type of service which the machines needed, and which was requested by the proprietors of the cafés and other businesses where they were located. It was not denied that the income from the plaintiffs' machines while they were operated by them was only about $555 per month, or less than $7.00 per week. However, the court received the testimony of other operators that their machines returned to them an average income of about $15 per week. Defendants testified that they fully cooperated with plaintiffs in an effort to make their venture a success. Before the contract was made plaintiffs travelled to many of the locations where they inspected the machines, and in several instances the machines were emptied and the contents counted in the presence of plaintiffs. There was, in short, testimony which, if believed, was sufficient to disprove all of plaintiffs' allegations of fraud. It does appear, however, that plaintiffs were wholly inexperienced in the business and were apparently oversold into making an unfortunate investment.

The charges of fraud presented a pure question of fact, and the evidence as to the alleged misrepresentations was sharply conflicting. The most that can be said in plaintiffs' favor is that their evidence would probably have sustained

judgment for rescission. The trial court was fully justified in finding that the representations as to what the machines should or would earn under proper management were mere expressions of opinion and not statements of fact. It could have been inferred, reasonably, that under skillful management the machines could have been made to earn substantially more than they did earn. It will be clear from what we have said that the findings upon the fraud issues are supported by substantial evidence. This conclusion ends the jurisdiction of this court to review the evidence.

Appellants make the further claim that the evidence proved a mutual rescission of the agreement. The argument is based upon the fact that defendant Navarro took possession of the machines after plaintiffs gave notice of rescission.

The contract provided, however, that the seller had a right, upon default, to repossess the machines, and the right to resell them, although he was not obliged to resell them. There was evidence that he was obliged to take possession of them for their protection. His act in so doing did not establish as a matter of law a mutual rescission of the agreement. (*Phillips v. Stark*, 186 Cal. 369 [199 P. 509] ; *Lord v. Smith*, 92 Cal.App. 747 [268 P. 929].) The conclusion that there was no mutual rescission is well supported.

It was developed in the evidence that Navarro received income from some of the machines between the time he took possession of them and the trial of the actions. It was argued upon the motion for new trial that he should have been compelled to account for his profits during this interval. We do not find in the record that this contention was made at the trial, and we find only fragmentary evidence as to how many machines were kept in operation, and practically no evidence as to Navarro's income therefrom. Whether he made an overall profit from them was not shown. It would have been a proper issue to raise at the trial, but it was too late to raise it upon a motion for new trial. The record furnishes no ground for a reversal of the judgment for the mere purpose of a trial of the question whether Navarro received sums which should have been deducted from the amount of his claim.

We find in the record amended findings and conclusions and an amendment to judgment made in the action of *Navarro v. Rice* which were made in ruling on the motion for new trial. The finding was that Navarro had stored the machines and was holding them for defendants Rice; the conclusion

was that defendants Rice were entitled to possession and to a conveyance of good and sufficient title to the machines. The amendment to judgment was that the machines should be delivered to defendants Rice and that they be given good title thereto by bill of sale. Appellants did not deny that the judgment was a proper one to be made on the findings.

Appellants raise other points of a minor nature which do not require decision or merit discussion.

The judgments are affirmed.

Wood, J., and Vallée, J., concurred.