## BRIDGES & HALL *v.* PAIGE.

SUIT by an Attorney on a *quantum valebant*, for professional services. Answer denies the value of the services. *Held*, that the rule requiring new matter to be set up in the answer does not apply.

Anything which shows plaintiff has no right of recovery at all, or to the extent claimed on the case as he makes it, may be given in evidence upon an issue joined by an allegation in the complaint, and its denial in the answer.

New matter is, where defendant seeks to introduce into the case a defense not disclosed by the pleadings—something relied on by him, but not put in issue by the plaintiff.

Skillful, or unskillful and negligent conduct of a case, is an important inquiry in such a suit by Attorneys. Anything which shows the services were not of the value claimed, as the nature of the suit conducted, its little difficulty, small amount, little skill requisite, the absence of skill, and the like, is competent, under the issue of value.

A trial may result successfully and yet the Attorney be guilty of negligence. His want of skill, or neglect, may put the client to great expense to redeem his blunders. And, on a *quantum meruit*, the value of services would be reduced.

APPEAL from the Fifth District.

For case see opinion.   The pleadings were verified.   Plaintiffs had judgment, and defendant appeals.

*D. W. Perley,* for Appellant.

*B. C. Whiting,* for Respondent, cited : 46th Section of the Practice Act; *Green* v. *Covillaud,* 10 Cal. 317 ; *Piercy* v. *Sabin et al.* Id. 22 ; *Walton* v. *Minturn,* 1 Id. 362 ; 4 Id. 117 ; *Kendall* v. *Vallejo,* 1 Id. 371.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This suit was brought as on a *quantum valebant,* for professional services as Attorneys.   The complaint claimed, among other charges, a sum of money due for the conduct of a suit of *Paige* v. *O'Neill.*   The answer denied the value of the services as charged.

The defendant proposed to show by a witness—one of the plaintiffs—that they did not perform the legal services rendered by them in the case of *Paige* v. *O'Neill* with ordinary care, diligence, or reasonable skill, but that they performed said services negligently and unskillfully, and that, by reason of such unskillfulness and negligence, the case, which is now on appeal in the Supreme Court, is in great danger of being reversed. The defendant's counsel proposed to show the above facts by an examination of the witness in connection with the judgment roll in said case, the statement on appeal, and by all the papers on file in the said action; and the said defendant's counsel further proposed to show, after the said examination was concluded, touching the unskillfulness and negligence on their part in managing and conducting said cause, that their services were not reasonably worth the amount claimed in the complaint. But the Court refused to permit or allow the defendant's counsel to go into said examination, and refused to permit the defendant's counsel, either by an examination of the witness or by an examination of the judgment roll, to show that plaintiffs had been guilty of any unskillfulness or negligence whatever.

One of the reasons given for this ruling is, that this matter is not set up in the answer. It seems to be supposed that this was new matter, which should have been affirmatively pleaded. The rule invoked, however, does not apply to this case. Anything which shows that the plaintiff has not the right of recovery at all, or to the extent he claims, on the case as he makes it, may be given in evidence upon an issue joined by an allegation in the complaint, and its denial in the answer. Where, however, something is relied on by the defendant which is not put in issue by the plaintiff, then the defendant must set it up. That is new matter—that is, the defendant seeks to introduce into the case, a defense which is not disclosed by the pleadings. This case is a good illustration : the plaintiffs aver that the defendant is indebted to them in the sum of, say fifteen hundred dollars, for services rendered; that he is indebted to this amount because this was the value of these services. The defendant denies that he is indebted at all, and denies, further, that the services were of the value charged. He proposes to show that they were not of this value. He can do this by any legal proof, and he is not

bound to set out his proofs in his pleading. Facts, and not the evidence of facts, are required to be pleaded. Whatever, therefore, had a legal tendency to prove that these services were worth the sum, was competent for plaintiffs, as the nature of the suit, its difficulty, the amount involved, the skill required, the skill employed, and the like. So the defense had a right to prove these same general matters, or the negation of them, as, for example, that this was a plain case, requiring but little labor or skill, learning, or time; or if it required skill and attention, that these were not bestowed. The value of a lawyer's services depends upon his skill and learning, and the attention he gives to the business of the client. It is evident, therefore, that proof of his skillful conduct of his case, or of his negligent and unskillful treatment of it, is an important inquiry. It does not follow by any means, that because a trial results in a verdict for the client, there has been no negligence in the Attorney. In consequence of the negligence, the client may have been put to great trouble and expense, though, by accident or otherwise, he happened to gain the case; and though the Court below may have decided on the trial of a case that errors negligently committed were not fatal, yet the defendant might show, when sued for fees by the Attorney, that the Judge was mistaken in thus holding. Besides, a case may be negligently conducted even when it is not eventually lost by neglect. It may put the client to great trouble, expense, and delay, to get rid of blunders of his lawyer. If, for example, an Attorney should, by his neglect, consent to a bill of exceptions full of errors and misstatements, and raising unnecessarily many difficult and embarrassing questions of law for revision in the Appellate Court, which questions, as the case, in fact, was presented below, did not arise, no one would pretend, that though the cause was, after long delay and much loss, gained in the Supreme Court, the Attorney would not be amenable to the charge of neglect; or if the Attorney suffered testimony to be introduced plainly inadmissible, and the client was put to the expense and trouble of summoning many witnesses to counteract it, though he at length did so successfully, the same objection would lie; and in both these instances, the Attorneys would be held entitled to a less sum on *quantum meruit*, than if a contrary course had been pursued. What par-

ticular errors, if any, were committed on the trial of *Paige* v. *O'Neill*, or what particular acts of negligence done, were not disclosed, the Court refusing to hear any testimony on that subject. We have not the record of that case before us, and canno look into it. It seems that the judgment of the Court below was partially affirmed in this Court on appeal, but not, we believe, before this trial below, nor does it appear whether the matters of alleged negligence proposed to be proven were considered here. Indeed, we cannot look into any record before us, not legally offered as proof, for any purpose of the application of the facts of that record to any other case as evidence in the latter case.

It may be that the record of *Paige* v. *O'Neill* showed no negligence; and the rulings of the learned Judge below, on the motion for a new trial, would seem at the first blush to establish this fact; but we cannot know, in the face of the offer to prove the contrary, that the defendant would necessarily have been unsuccessful; nor do we understand from the broad proffer of proof, that the negligence imputed was confined to errors as shown by the record.

Judgment reversed, and cause remanded.

See *Terry* v. *Sickles, ante; Angulo* v. *Sunol*, 14 Cal.