[S. F. No. 2970.  Department One.—November 11, 1904.]

## HEATON–HOBSON ASSOCIATED LAW OFFICES (a Corporation), Appellant, v. GEORGE W. ARPER, Respondent.

ACTION FOR VALUE OF SERVICES—MUTUAL ACCOUNT—BALANCE DUE—PLEADING—ANSWER — GENERAL DENIAL — ACCOUNT STATED—FINDINGS WITHIN ISSUES.—In an action by the assignee of an attorney to recover the reasonable value of his services, in the amount of an alleged balance due upon a mutual, open, and current account, setting up the items claimed by the defendant in an unverified complaint, where the answer denied that defendant is indebted to plaintiff in the balance alleged, or in any sum, and pleaded an indebtedness of plaintiff's assignor to the defendant in a certain sum over and above all credits and offsets prior to the assignment, and that while the attorney was so indebted to defendant an account was stated between them in favor of the defendant in a specified sum,—findings that the account was mutual, open, and current, that services of a value greater than the balance claimed were rendered by the attorney under a special agreement for payment out of a particular fund, after making a deduction which would exhaust the fund, and that there was no balance due from defendant to the attorney or to plaintiff, are within the issues raised by the answer.

ID.—SUFFICIENCY OF ANSWER.—Under the general issue in *assumpsit*, anything which shows that plaintiff at the time of the commencement of his action had no cause of action may be taken advantage of; and any allegation in an answer which, if found true, necessarily shows that the allegation of the complaint as to the same matter *is* untrue, is a good traverse and sufficient as a denial.

ID.—CONSTRUCTION OF FINDINGS.—The court should not strain the language of a finding to make out a case of conflict; but it should be reconciled if it can be reasonably done. No such error or defect is here shown, in the answer and findings, as to justify a reversal.

APPEAL from a judgment of the Superior Court of Alameda County.  S. P. Hall, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, O. G. Heaton, and Frank W. Sawyer, for Appellant.

F. W. Fry, and H. M. Owens, for Respondent.

VAN DYKE, J.—This is an appeal from a judgment in favor of defendant for his costs. The appeal is upon the judgment-roll without a statement or bill of exceptions.

The appellant's point on the appeal is, that the findings are not within any issue of the case.

After alleging the assignment of the claim in suit by Frank W. Sawyer to the plaintiff, and that said Frank W. Sawyer was a duly admitted and licensed attorney at law in this state, the complaint avers that at the city of Oakland, county of Alameda, state of California, the said Frank W. Sawyer, as such attorney at law, at the special instance and request of said defendant, performed services to and for said defendant in various actions and matters, the reasonable value of which was and is the sum of $699, and that the last service performed was within two years of the bringing of the suit; that in the city and county and state aforesaid said Frank W. Sawyer purchased coal-oil of said defendant, and borrowed money of said defendant, all in the sum of $160 and no more; that said account had by and between the said Frank W. Sawyer and said defendant was a mutual, open, and current account, and the balance due from defendant, on account of the same, is the sum of $539, after deducting all just credits and offsets. Wherefore plaintiff demands judgment against said defendant for the sum of $539, the said alleged balance, and costs of suit.

The answer "denies the said defendant is indebted to the said plaintiff in the sum of $699, or in any sum," and by an amendment added to said answer it is alleged that on the nineteenth day of August, 1898, Frank W. Sawyer, plaintiff's assignor, was indebted to the defendant in the sum of $16.90 over and above all claims and offsets, and that on said nineteenth day of August and subsequently, and while said Sawyer was so indebted to the defendant, an account was stated between said Sawyer and this defendant, and that upon such statement a balance was found to be due, and was due, from said Sawyer to the defendant, in the sum of $16.90. The pleadings are unverified.

After preliminary finding in reference to the assignment and that said Frank W. Sawyer was an attorney at law duly

admitted and licensed, the court finds as follows: "At the city of Oakland, county of Alameda, state of California, said Sawyer, as such attorney, at the request of said defendant, performed services in various actions and matters, the reasonable value of which was and is the sum of $645, and that the last service so performed was within two years next preceding the commencement of this action, and that a portion of said services of and to the value of $600 was performed with the express understanding and agreement that it should be paid out of certain property or a certain fund, after first deducting the amount due said defendant from one Wilson, and that said fund or property has been and is insufficient to pay to said defendant the amount due him from said Wilson; that in the city and county and state aforesaid said Frank W. Sawyer purchased coal-oil of and borrowed money of said defendant, all in the sum of $150, which is now due and payable.

"That said account had by and between said Frank W. Sawyer and said defendant was a mutual, open, and current account, and at the commencement of said action and at the time of said assignment there was no balance due from said defendant to said Frank W. Sawyer, or to the plaintiff in this action," and as a conclusion of law the court found that the defendant was entitled to judgment against plaintiff for his costs, and judgment was thereupon rendered accordingly.

The answer was sufficient to present an issue in the case. As said in *Young* v. *Rummell*, 2 Hill, 478,[1] quoted with approval by this court in *Meredith* v. *Santa Clara Min. Assn.*, 56 Cal. 183: "Although in point of form the plea of *non assumpsit* puts nothing in issue but the making of the promise, it has been long settled that nearly every defense is admissible under that plea which shows that there was not a subsisting cause of action at the time the suit was brought." And in *Burris* v. *People's Ditch Co.*, 104 Cal. 248, this court says: "It may be said, generally, that any allegation in an answer which, if found to be true, necessarily shows that the allegation of the complaint as to the same matter is untrue, is a good traverse, and sufficient as a denial." To the same effect is *Loftus* v. *Fischer*, 106 Cal. 616. The appellant is mistaken in claiming that the court finds that all the allegations of the

[1] 38 Am. Dec. 594.

complaint are true. The court only finds, as already shown, that the account was a mutual, open, and current account, instead of a stated account as alleged in the defendant's answer; but further finds that at the commencement of the action there was no balance whatever due from defendant to said Sawyer, or to his assignee, the plaintiff. In *Alhambra Co.* v. *Richardson,* 72 Cal. 606, it is said: "We do not think the court should strain the language of a finding to make out a case of conflict. The finding should be reconciled if it can be reasonably done." (See, also, *Schultz* v. *McLean,* 93 Cal. 329; Code Civ. Proc., sec. 475.)

No such error or defect is here shown as to justify a reversal.

The judgment is affirmed.

Angellotti, J., and Shaw, J., concurred.