[Civ. No. 7693.   Second Appellate District, Division Two.—October 14, 1931.]

J. VINCENT HANNON et al., Respondents, v. SAMUEL GRANT GOUCHER, Appellant.

Charles W. Cradick for Appellant.

J. Vincent Hannon and Wm. F. McLaughlin, *in pro. per.,* and T. G. Dalton for Respondents.

ARCHBALD, J., *pro tem.*—Plaintiffs brought suit against defendant to recover the sum of $7,000, alleged to be due them for services as attorneys in a certain partition action. The amended and supplemental complaint contained two

counts, the first in *indebitatus assumpsit* for the recovery of the amount, and the second alleged in substance an agreement with defendant employing plaintiffs as attorneys in said partition action at a fee to be fixed by the court, the performance of the work for which they were employed, the fixing of a fee of $7,000 by the court for the work done and its nonpayment. The answer consisted of a general denial of the allegations of each count. The court found that all the allegations of the amended and supplemental complaint were true and that the denials and allegations of the answer thereto were untrue, and rendered judgment for plaintiffs in the sum mentioned. From such judgment this appeal is taken.

Appellant contends (1) that the evidence is insufficient to support the findings and (2) that the court erred in excluding a certain written contract as evidence.

██ McLaughlin, one of the plaintiffs, testified that defendant came to his office and stated that it was impossible for himself and his wife to agree "upon an amicable division" of certain property which it apparently had been theretofore declared was held by them as tenants in common, "and that a suit would have to be brought to divide" it; that to this the witness replied: "Very well, Mr. Goucher, you understand this is a new and independent suit; it has nothing whatever to do with the contract of employment you had with Judge Earle and myself," and that he, McLaughlin, "was not feeling well enough" to handle the litigation alone, but would want associate counsel; and that in response to such statement Mr. Goucher said, "All right." McLaughlin further stated that he told defendant that "in this class of cases it is incumbent upon the court to fix the attorney's fees, and if it is agreeble to you I will have Mr. Hannon associated in the case and ask the court to fix reasonable fees for us as attorneys in the case"; that defendant replied "that was all right with him", and that immediately thereafter the suit was prepared and filed; that plaintiffs acted as attorneys for defendant during the trial; that "immediately following the argument" the judge asked if they had a "contract for any definite sum as attorney's fees", to which the witness replied, "No, we do not . . . and I asked him to fix a reasonable amount as attorney's fees for Mr. Goucher"; that Mr. Goucher was present at the time and

made no objection. Other witnesses testified substantially the same as to what took place in court. It was further shown that nothing had ever been paid for the services performed in the case. The judgment-roll in the partition suit was then introduced in evidence, which shows that the complaint therein alleged that defendant and his wife were the owners in common of the property described in the complaint, which allegation was admitted by the answer of defendant's wife. It was so ordered by the interlocutory decree, which decreed that the property should be divided equally between defendant and his wife and designated a referee in partition to assist in effecting such division. On the hearing of the referee's report findings were made to the effect that $14,000 was a fair and reasonable sum to be allowed as counsel fees for services rendered for the common benefit of defendant and his wife, to be apportioned between the parties equally as costs and expenses. The final decree ordered plaintiff and his wife to pay into court, within thirty days from the entry of the decree, the share of said costs and expenses so apportioned; that the same should constitute a lien upon the respective shares of the land and premises partitioned, and that if paid into court $7,000 thereof should be paid by the clerk to the plaintiff Samuel Grant Goucher, being the award on account of his attorney's fees. No appeal was taken from such decree and it was a final decree at the time it was received in evidence in the instant case. Defendant's evidence herein is in direct conflict with that of plaintiffs' as to the employment as well as to the fixing of the fee by the court, but that cannot be considered as long as the testimony introduced supports the findings and judgment.

■ Appellant seems to be laboring under a misapprehension as to the count in *assumpsit* alleged in plaintiffs' amended and supplemental complaint. Plaintiff's evidence shows a contract of employment at a fee to be fixed by the court. It shows that the court fixed the fee at $7,000; so all that remained under plaintiffs' theory of the case, the work having been performed, was the payment of the fixed fee. The complaint very properly alleged the indebtedness under the common counts. It is in no sense based upon the reasonable value of the services rendered. The second cause of action alleges in detail the agreement of employment at

a fee to be fixed as stated, the rendering of the services thereunder by plaintiffs, the fixing of the fee, the finality of the decree, estoppel of defendant to question it, demand for payment and nonpayment. We find no inconsistency between the two counts, and the evidence seems to support both.

On cross-examination defendant sought to introduce in evidence a contract dated September 23, 1921, between the law firm of Earle & McLaughlin and himself. An objection thereto was made on the ground that it was incompetent, irrelevant and immaterial, not cross-examination and not within the issues raised by the pleadings. The court sustained the objection. Appellant contends that the court erred in so doing. The contract in question recites that Samuel Grant Goucher, party of the first part, and Grace Coe Goucher are husband and wife; that during their married life said Grace Coe Groucher purchased certain described property with community funds and took title to same in her own name, claiming it as her own separate property; that in fact it was community property, and that said first party was ''desirous of asserting and claiming said property as community property of the said spouses''; that said Grace Coe Goucher had refused to give or grant party of the first part any part or interest whatever in and to any of said property, and that ''therefore it will be necessary for the party of the first part to assert his claim in and to said property by an appropriate proceeding in court; and whereas, party of the first part does hereby retain and employ the said parties of the second part . . . to institute such proceeding as may be necessary to establish the claim of the said party of the. first part in and to said property now appearing in the name of Grace Coe Goucher, and to have the said property declared community property of the said party of the first part and the said Grace Coe Goucher . . . ''. The contract then continues: ''Now therefore, in consideration of the premises, and the consideration of the retaining and employing the said parties of the second part as attorneys, and the legal services rendered and to be rendered in the litigation to declare and establish the said property community property for and on behalf of the said party of the first part, and for the legal services in any and all litigation that may appertain to the declaring of the said

property as community property, and defending any action by Grace Coe Goucher wherein she claims· said property as her separate property, the said party of the first part does hereby agree to pay the said parties of the second part for the legal services rendered and to be rendered as herein stated, fifteen (15%) per cent of any and all property that may be declared to be community property and going to party of the first part from and out of the property now held and declared by the said Grace Coe Goucher to be her own and separate property.'' The writing further provides that in the event first party fails to recover any of the property then appearing in the name of his wife or fails to have the same or any part of it declared to be community property, said second parties shall not receive any attorney's fee for the services to be rendered by them.

The record shows that appellant brought suit in September of 1921 to have the property named adjudged to be the community property of the spouses; that it was so adjudged on March 8, 1924, the judgment becoming final on June 21, 1927, and that a decree of divorce was also entered in a suit brought by the wife on the ground of desertion, likewise dividing the property equally between the parties. At the time of the filing of the partition suit, therefore, the parties were tenants in common, as alleged in the complaint in partition and admitted by the answer of Grace Coe Goucher therein. It is the theory of appellant that the contract in question covered the services rendered in the partition suit and consequently that such contract was material evidence on the question whether or not the contract alleged in the partition suit was entered into, for the reason that if appellant already had a contract covering such services he would hardly have entered into a new contract with reference to the same matter, and that the court was misinformed in the partition suit. Not being disclosed by the pleadings in any way, such contract would seem to be new matter (*Bridges & Hall* v. *Paige,* 13 Cal. 640) and should have been pleaded in the answer, under section 437 of the Code of Civil Procedure (*Michalitschke* v. *Wells, Fargo & Co.,* 118 Cal. 683 [50 Pac. 847]. Appellant urges that because McLaughlin, while testifying regarding the verbal employment of himself and Mr. Hannon by appellant, stated among other things, ''Very well, Mr. Goucher, you understand this is a

new and independent suit; it has nothing whatever to do with the contract of employment you had with Judge Earle and myself,'' it made such contract admissible on cross-examination, even though it had not been specially pleaded. The contract on its face seems to employ the firm of Earle & McLaughlin to do a certain thing, viz., to establish the claim of appellant that said property was community property ''and to have the said property declared community property of the said party of the first part and the said Grace Coe Goucher''. ██ Appellant claims that because the contract provides that said attorneys are to be paid ''fifteen (15%) of any and all property that may be declared to be community property and *going to party of the first part from and out of the property now held and declared by the said Grace Coe Goucher to be her own and separate property''*, the parties intended that the services were to be continued until by litigation some property actually passed into the separate ownership of appellant. This paragraph of the contract, however, is not that of employment, but one fixing compensation. If it were not for the language italicized there might be a question whether the fifteen per cent was not to be computed on the total value of the property adjudged to be community, instead of only that portion of the community to which a spouse would ultimately be entitled on a division; but we are of the opinion that it was the purpose of such language to limit the compensation, and nothing more. Our conclusion is that the trial court correctly held that the contract did not apply to the suit in partition and did not err in sustaining the objection to its introduction.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 13, 1931.