[Civ. No. 11924.   Second Appellate District, Division Two.—December 16, 1938.]

WILLIAM A. DeSANTIS et al., Appellants, v. MILLER PETROLEUM COMPANY (a Corporation) et al., Defendants; CAMINOL COMPANY, LTD. (a Corporation), Respondent.

George Appell and Harry A. Mock for Appellants.

Paul J. Fritz for Respondent.

McCOMB, J.—From a judgment in favor of defendant Caminol Company, Ltd., after trial before the court without a jury in an action to recover a sum of money alleged to be due as the purchase price for certain merchandise plaintiffs appeal.

These are the essential facts:

Ducommun Metals & Supply Company sold to defendant Miller Petroleum Company oil well tubing and casing, upon the purchase price of which there remained unpaid $12,166.93. Plaintiffs guaranteed that the Miller Petroleum Company would pay for the merchandise, and, upon its failure to do so, paid the amount of the indebtedness to the Ducommun Metals & Supply Company. Plaintiffs then filed the present action against defendants, which after containing appropriate allegations of the existence of a partnership between defendants was in the form of a common count for goods, wares, and merchandise sold and delivered to defendants at their special instance and request, and prayed for judgment in the amount they had paid to Ducommun Metals and Supply Company. Defendant Caminol Company, Ltd., denied generally and specifically the allegations of plaintiffs' complaint.

At the close of the trial the court caused a minute order to be entered giving judgment in favor of plaintiffs against defendants. Thereafter, upon motion of defendant Caminol Company, Ltd., the trial court permitted the case to be reopened for the taking of additional testimony, the substance of which being that Mr. Covel, district manager of Ducommun Metals & Supply Company, prior to selling or delivering any tubing or casing to the Miller Petroleum Company, called upon the purchasing agent of the Caminol Company, Ltd., and president of the Caminol Company, Ltd., and was informed by them that defendant the Caminol Company, Ltd., would not be in any way responsible for casing or tubing purchased by defendant Miller Petroleum Company; and that thereafter and prior to any sale to the Miller Petroleum Company the credit manager of Ducommun Metals and Supply

Company telephoned defendant the Caminol Company, Ltd., and made inquiry relative to the credit to be extended by Ducommun Metals & Supply Company for casing and tubing to be delivered to the Miller Petroleum Company and was informed that defendant Caminol Company, Ltd., would in no way be responsible for the payment of any bill for tubing or casing thus delivered and that neither defendant J. Warren Miller or Miller Petroleum Company had any authority to purchase for the account of defendant Caminol Company, Ltd.

These are the questions presented for determination:

*First: Is there substantial evidence to sustain finding of fact No. 8 of the trial court which read as follows:*

*"That it is true that at and prior to the time that said Ducommun Metals & Supply Company did sell and deliver to Miller Petroleum Company said casing and tubing hereinbefore referred to, said Ducommun Metals & Supply Company and its officers and agents, had knowledge and were notified by officers and agents of defendant The Caminol Company, Ltd., of the fact that neither Miller Petroleum Company, nor any of its officers or directors, had any authority whatsoever to act for, bind, or obligate defendant The Caminol Company, Ltd., in any manner or capacity whatsoever, in connection with the purchase and sale of said casing and tubing; that it is further true that said Ducommun Metals & Supply Company did at no time charge to defendant The Caminol Company, Ltd., the price of the said casing and tubing, and did not look to said defendant The Caminol Company, Ltd., at any time or in any manner or capacity, for payment thereof."?*

*Second: Where a complaint is based upon a common count for goods, wares, and merchandise sold and delivered to defendant at its special instance and request, may defendant under a general denial of such allegations rely upon section 2403 of the Civil Code to escape partnership liability?*

*Third: May a defendant, after denying the existence of a partnership relation, claim the benefit of a restrictive liability as provided in section 2403 of the Civil Code?*

*Fourth: Since the partnership of which the defendant Caminol Company, Ltd., was a member actually received and used the tubing and casing, was said defendant estopped.*

*from claiming the benefit of the restrictive provisions of section 2403 of the Civil Code?*

■ The first question must be answered in the affirmative. We have examined the record and in our opinion there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain each and every finding of fact in paragraph 8 of the findings of fact of the trial court set forth *supra*.

■ The second question must also be answered in the affirmative. The law is settled in California that where, as in the instant case, the complaint is based upon a common count under a general denial defendant may urge any defense which tends to show that the plaintiff does not have a subsisting cause of action. (*Heaton-Hobson etc. Offices* v. *Arper*, 145 Cal. 282, 284 [78 Pac. 721] ; *Wallace* v. *Crawford*, 21 Cal. App. (2d) 394, 403 [69 Pac. (2d) 455].)

■ The third question also must be answered in the affirmative. There is nothing inconsistent in the position of the defendant Caminol Company, Ltd., in denying the existence of a partnership relation with its codefendants and in claiming that if in fact a partnership relation did exist its liability as a copartner was limited by its compliance with the provisions of section 2403 of the Civil Code. If no partnership existed between the defendants then concededly defendant Caminol Company, Ltd., was not liable to plaintiff; and on the other hand, even though a partnership did exist between the defendants, if the facts demonstrated that defendant the Caminol Company, Ltd., had brought itself within the restrictive liability provisions of section 2403, plaintiffs failed to prove a cause of action against such defendant.

■ The final question must be answered in the negative. A partner is not liable to third parties for contracts entered into with a partnership when the third party has notice that the partner endeavoring to bind the partnership does not have authority to do so (sec. 2403, subd. 1, Civ. Code; *California C. P. Growers* v. *Bardell & Oregoni*, 132 Cal. App. 153, 167 [22 Pac. (2d) 764]), and when a partner gives notice to a third person that he will not be bound by the acts of his copartner, such partner is then not bound by a contract entered into by his copartner, although the fruits of the contract have

been enjoyed by the partnership of which he is a member, unless the objecting partner, after making his objection, finally acquiesces therein. (*California C. P. Growers* v. *Bardell & Oregoni, supra; Cowan* v. *Tremble*, 111 Cal. App. 458 [296 Pac. 91].)

In the present case defendant the Caminol Company, Ltd., gave notice to the Ducommun Metals & Supply Company that they would not be responsible for any merchandise furnished to the defendant Miller Petroleum Company. Therefore, the fact that thereafter the partnership received and used merchandise furnished by the Ducommun Company did not bind in any way defendant the Caminol Company, Ltd. In addition, under the terms of the partnership agreement Miller Petroleum Company was to furnish the casing for the well and defendant Caminol Company, Ltd., was not to furnish any of the casing, and there is no showing or finding that defendant Caminol Company, Ltd., altered its original position which it had taken when it gave notice to plaintiffs' assignor that it would not be liable for any purchases made by Miller Petroleum Company or that defendant Caminol Company, Ltd., ratified in any way the purchase of the casing on credit.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., concurred.

Wood, J., concurred in the judgment.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1939.