[Civ. No. 16576.    Second Dist., Div. Three.    Apr. 14, 1949.]

EVAN EVANS, Respondent, v. FRANK E. ZEIGLER et al.,
Appellants.

Edgar T. Fee for Appellants.

Marlan Proctor for Respondent.

WOOD, J.—Plaintiff commenced this action to recover a balance allegedly due for services rendered by him in constructing a hydropress for defendants. Judgment was for plaintiff for $3,000 and interest. Defendants appeal from the judgment.

On January 8, 1945, plaintiff and defendants entered into a written agreement whereby the defendants employed plaintiff as a consulting engineer for a period of five years. One of plaintiff's assignments, under the terms of the agreement, was to supervise the construction of a 500-ton hydropress to be used for metal stamping and die making, which was to be a new or expanded part of defendants' business. In payment for his services plaintiff was to receive 50 per cent of the net profits from the expanded part of the business. That contract was terminated by mutual consent on June 1, 1945, before the press was completed. Plaintiff was paid for his services, in accordance with the terms of the written contract, to and including May 31, 1945. Plaintiff testified that at the time of terminating the written contract the parties orally agreed that plaintiff should continue to supervise construction of the press until it was completed and that he would be paid $3,000 for such services; that said amount was to be paid as follows: $1,000 30 days after completion of the press, and $2,000 60 days after completion of the press; that he continued to supervise construction of the press until it was completed, about two months later, but defendants did not pay any part of the amount which it agreed to pay for such services. Defendants testified that there was no agreement to pay plaintiff for services rendered after the termination of the written agreement.

There were three causes of action in the complaint. The first cause of action alleged an account stated as of December 1, 1945, in the sum of $3,000. The second cause of action alleged that defendants "are indebted" to plaintiff for "work, labor and service done and performed for the defendants, and each of them, at their special instance and request . . . on or about 8th day of January, 1945, for the construction and building and operation of a five hundred ton hydropress"; and that on or about December 1, 1945, plaintiff and defendants had ascertained that the sum of $3,000 was due and owing plaintiff. The third cause of action alleged that $3,000 was the reasonable value of services rendered by plaintiff at the request of defendants.

At the close of testimony on behalf of plaintiff, plaintiff made a motion to amend the second cause of action to conform to proof by changing the date or time when the services were alleged to have been rendered from January 8, 1945, to the "1st day of June, 1945, to or about Sept 1, 1945." The court granted the motion over defendants' objection.

██ Appellants' contention that that amendment set forth a different cause of action cannot be sustained. It was alleged, in effect, in the second cause of action, that an account was stated on December 1, 1945; and in addition thereto it was alleged, in effect, that the basis for the account stated was services rendered on a certain date—January 8, 1945. The amendment merely stated that the services were rendered on dates other than the one specific date alleged, and the motion to amend was made after it had been disclosed by the evidence that the services were rendered after June 1, 1945. The allegation as to when the services were rendered was unnecessary in view of the fact that an account stated was alleged in the second cause of action. ██ Appellants contend further that the second cause of action, as amended on October 22, 1947, was barred by the statute of limitations. Their argument is in substance that since the amendment was based upon an oral agreement entered into on June 1, 1945, and since the amendment was made more than two years thereafter, the cause of action was barred by the two-year statute of limitations relating to oral contracts. The action was commenced on October 1, 1946, which was within two years after the oral agreement was entered into, and of course was within two years after the services were rendered. As above stated, the amendment did not state a new cause of action. The second cause of action was not barred by the statute of limitations.

██ Appellants assert that the evidence was not sufficient to establish an account stated. As shown above, the first cause of action was also upon an account stated. The court found that about December 1, 1945, an account was stated between plaintiff and defendants in the sum of $3,000. There was evidence that plaintiff mailed defendants an invoice about December 1, 1945, and a statement about January 1, 1946, showing the balance due to be $3,000. Plaintiff testified that defendant Harris told him he had received the invoice but did not know where they were going to get any money to pay plaintiff; that after the statement was mailed plaintiff had several conversations with defendants regarding the sum due; that on one occasion defendant Zeigler told him they were going to have "a time" paying their income tax, and that would have to come before plaintiff's "money would come"; and that on another occasion defendant Zeigler promised to make him a payment. The finding that there was an account stated is supported by the evidence.

■ Appellants also contend that the third cause of action, which was based upon a common count for the reasonable value of services rendered, was insufficiently pleaded, in that, there was no allegation therein "as to the date" or as to what services were rendered. The material allegations in that cause of action were as follows: "That the defendant is indebted to the plaintiff in the sum of Three Thousand Dollars ($3,000.00) for the reasonable value of work, labor and services performed for the defendants, at their request; that such work, labor and services were and are reasonably worth the sum of Three Thousand Dollars ($3,000.00); that the work, labor and services performed consisted of construction, building and the operation of a five hundred ton hydro-press." That was a sufficient pleading of a common count for the reasonable value of services rendered. The usual form of common count for services rendered "alleges that they were performed at the request of defendant and that he promised to pay for them." (*Smith* v. *Bentson,* 127 Cal.App.Supp. 789, 793 [15 P.2d 910].) Section 426 of the Code of Civil Procedure (subd. 2) requires that the complaint must contain "[a] statement of the facts constituting the cause of action . . .." ■ Common counts are proper forms of pleading in this state. (*Miller* v. *McLaglen,* 82 Cal.App.2d 219, 223 [186 P.2d 48].) In the case of *Pleasant* v. *Samuels,* 114 Cal. 34 [45 P. 998], the causes of action were stated in forms of common counts, and it was contended that they were inconsistent with the provisions of section 426, subdivision 2, of the Code of Civil Procedure. It was stated therein, at page 38: "It was not necessary to state *when* the plaintiff . . . advanced to and for the defendant the money sued for, or when defendant became indebted to plaintiff therefor . . .." (See, also, *Kraner* v. *Halsey,* 82 Cal. 209, 211 [22 P. 1137].) ■ Furthermore, when a cause of action is stated in the form of a common count, the defense of the statute of limitations may not be raised by demurrer unless it affirmatively appears on the face of the complaint that the cause of action is barred. (*Pike* v. *Zadig,* 171 Cal. 273, 277 [152 P. 923]; *McFarland* v. *Holcomb,* 123 Cal. 84, 87 [55 P. 761].) In the present case it does not so appear from the allegations of said third cause of action. ■ This, however, does not deprive defendant of his right to urge any defense which tends to show that the plaintiff does not have a subsisting cause of action. It was stated in the case of *DeSantis* v. *Miller Petroleum Co.,* 29 Cal.App.2d 679, at page 683 [85 P.2d 489]: "The

law is settled in California that where, as in the instant case, the complaint is based upon a common count under a general denial defendant may urge any defense which tends to show that the plaintiff does not have a subsisting cause of action. [Citing cases.] '' ▮ Appellants' contention herein that the cause of action for the reasonable value of services rendered under the oral contract of June 1, 1945, was barred by the statute of limitations is not sustained. The uncontradicted evidence shows, and the court found, that the services for which plaintiff seeks compensation were rendered during July and August, 1945. Plaintiff commenced this action October 1, 1946, which was within the two-year period prescribed by section 339 of the Code of Civil Procedure for actions upon obligations not founded upon an instrument in writing.

▮ Appellants assert further that the evidence was insufficient to support the findings. The court found, with reference to the reasonable value of the services rendered, that ''between the 1st day of June, 1945, to on or about the 1st day of September, 1945, the defendants, . . . became indebted to the plaintiff in the sum of Three Thousand Dollars ($3,000.00) on account of work, labor and services performed for the aforesaid defendants, at Burbank, California, at the aforesaid defendants' special instance and request; that said work, labor and services were reasonably worth the sum of Three Thousand Dollars ($3,000.00) ; that no part of the same has been paid, and there now remains due, owing and unpaid on account of said work, labor and services, the sum of Three Thousand Dollars ($3,000.00).'' There were substantial conflicts in the evidence as to several questions involved. There was evidence on behalf of plaintiff that the press was about one-third finished on June 1, 1945. Defendants testified that when the written contract was terminated plaintiff agreed to complete the press, but that defendants did not agree to pay him for services rendered after June 1, 1945. Defendant Zeigler testified that plaintiff said he would complete the press at his own time and expense. Plaintiff testified, as above stated, that the parties entered into an oral agreement under which plaintiff was to continue to supervise construction of the press after June 1, 1945, until it was completed, and defendants were to pay him $3,000 in consideration for said services. Plaintiff testified further that pursuant to that oral agreement he continued to supervise construction of the press until it was completed; that he devoted more than 40 hours

per week to such supervision, and supervised "every step and every piece of work that was done"; that his services consisted of purchasing the parts for the press, supervising the making, machining and assembling of the parts of the press, and putting it into "complete operation"; that after delivering the press to defendants he trained persons to operate it; that he was called back by defendants on several occasions in a consulting capacity on "problems they might have in each case"; that he devoted between 70 and 100 hours in this manner after the press was completed; that plaintiff received no part of the compensation agreed to be paid for services performed by him subsequent to June 1, 1945; that plaintiff demanded payment many times and defendants pleaded hardship; that on July 1, 1946, defendant Zeigler promised plaintiff he would give him a substantial payment on August 1, 1946; and that on August 1, 1946, plaintiff went to defendants' place of business where defendant Harris told plaintiff that defendants were "not going to pay for that press." That evidence was properly admitted under the allegations of the third cause of action. It was sufficient to establish an oral promise on the part of defendants to pay plaintiff for services rendered, at their request, subsequent to June 1, 1945. The evidence was sufficient to support the findings regarding the reasonable value of services rendered at the request of defendants. Appellants' further contention that the findings do not support the judgment is not sustained. The findings were to the effect that the defendants were indebted to plaintiff in the sum of $3,000, and the judgment was against defendants for that amount.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.