[Civ. No. 17852.   Second Dist., Div. Three.   Mar. 16, 1951.]

AETNA CARPET COMPANY, Respondent, v. WILLIAM L. PENZNER et al., Appellants.

S. Dell Scott for Appellants.

Simon, Fox & Fraider and A. David Kagon for Respondent.

BARTLETT, J. pro tem.—The complaint in this action was on a common count and alleged: "That within two (2) years last past, immediately prior to the commencement of this action, the defendants became indebted to the plaintiff in the sum of Two Thousand Five Hundred Seventy Dollars ($2570.00) for goods, wares and merchandise sold and delivered by the plaintiff to the defendants, at the special instance and request of the defendants." The answer generally and specifically denied this allegation.

The first witness called at the trial of the action was the general manager of the plaintiff, which is the respondent herein. He testified that the defendants, the appellants herein, came to his establishment to buy a carpet and that, among other carpets, he showed them a white carpet and they told him that they wanted to purchase it. An agreement was then entered into between them that it would be sold to defendants

at $18.50 a yard, laid and padded. He then testified that pursuant to this agreement a white carpet was delivered. Appellants asked him if he was positive that the property delivered was a white one and he replied that he was. Appellants then attempted to cross-examine him further as to whether the carpet sold was the carpet which had been delivered by respondent. Their attorney showed the witness a piece of carpet of a different color and asked him if he recognized that as the carpet that had been laid. The witness said he did not. No objection was made to this line of cross-examination but the court interrupted the examination and in unequivocal terms told the appellants that it would not permit them to show that the goods that were delivered were not the goods that were purchased, as no such defense had been pleaded. The appellants then requested leave to amend their answer to set up these facts. This request was summarily denied. Later in the trial appellants again brought up the matter and the court again ruled that they could not, under the pleadings, introduce such evidence.

The question before us is epitomized by respondent in his brief in these words: ''Appellants contend that such a defense is not 'new matter' necessitating an affirmative defense. The trial court and the respondent are of the view that such a defense is new matter.'' With this latter contention we do not agree. We are of the opinion that the ruling of the court constituted prejudicial error. ▌ The witness had testified that the defendants had been sold a white carpet and was equally positive that the carpet selected had been delivered. Having testified that a white carpet had been delivered it was certainly proper cross-examination to question the witness as to whether or not the carpet sold was, in fact, delivered. Respondent having pleaded that it was and having testified that it was, the proof of this matter was therefore clearly within the issue, was so placed by the allegations of the complaint, the denial of these allegations in the answer, and was not new matter. ▌ In an action upon a common count under a general denial the defendants may urge any defense tending to show that the plaintiff has no right to recover or to recover to the extent that he claims. (*De Santis* v. *Miller Petroleum Co.*, 29 Cal.App.2d 679, 683 [85 P.2d 489]; *Heaton-Hobson etc. Offices* v. *Arper*, 145 Cal. 282, 284 [78 P. 721]; *Evans* v. *Zeigler*, 91 Cal.App.2d 226, 230 [204 P.2d 902]; *Bridges* v. *Paige*, 13 Cal. 640.)

In support of respondent's contention that the testimony

sought to be elicited from respondent's general manager was new matter and should have been pleaded to make it admissible it cites but one case in its brief, that of *American Steel Pipe etc. Co.* v. *Hubbard,* 42 Cal.App. 520 [183 P. 830]. The case cited was an action on a written contract for the sale of orchard heaters. The defendant attempted to introduce evidence that water leaked into the heaters when it rained which fact constituted a violation of an implied warranty under section 1770 of the Civil Code. The court said (p. 523): "As to this contention, it is sufficient to say that defendant's pleading contains no defense predicated upon a violation of an implied warranty." No such question is presented in the matter before us.

As this case must be remanded for a new trial no useful purpose would be served by a consideration of the question raised by appellants as to the sufficiency of the evidence to sustain a holding as to the status of the agency of one of the defendants or as to whether or not the evidence is sufficient to support the judgment. At any new trial of this action the parties should be allowed to amend their pleadings if they be so advised.

The judgment is reversed.

Shinn, P. J., and Vallée, J., concurred.