[Civ. No. 562.   Fifth Dist.   Feb. 25, 1966.]

DEMESIO C. CARRANZA, Plaintiff and Respondent,
v. GEORGE NOROIAN, Defendant and Appellant.

LeRoy J. Reinhardt for Defendant and Appellant.

Andrews, Andrews & Thaxter and James F. Thaxter for Plaintiff and Respondent.

BROWN (R.M.), J.—This appeal originated in an action brought by the plaintiff to recover a balance allegedly due him, as a labor contractor, for services and expenses in providing and transporting workers for the harvesting of peaches and nectarines for the defendants. The named defendants were the George Noroian Company, a corporation, and George Noroian, individually. Judgment was for the plaintiff against George Noroian individually in the sum of $2,822.48, with prejudgment interest and costs. The corporation was exonerated. George Noroian, hereinafter referred to as the defendant, appeals from the judgment and contends that the trial court erred (1) in holding him personally liable to the plaintiff; (2) in finding that there was an account stated between the plaintiff and the defendant; and (3) in excluding certain evidence sought to be adduced by the defendant for the purpose of attempting to prove an alleged offset.

Viewed in the light most favorable to the respondent and disregarding conflicts and contradictions in the evidence (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427 [45 P.2d 183]; *Turner* v. *Mannon,* 236 Cal.App.2d 134, 136 [45 Cal.Rptr. 831]), the record discloses the following facts: About August 4, 1964, the plaintiff and defendant entered into an oral agreement whereby the defendant employed the plaintiff to provide farm labor for the harvesting of certain crops. The plaintiff was to receive an agreed amount of money for the workers, the use of his truck and a driver, and gasoline for the truck to transport the workers. The plaintiff was never fully paid but was paid various sums on divers dates which constituted part payment. As a result of not receiving full payment from defendant as the work progressed, the plaintiff was unable to. pay his workers; the workers quit, and the plaintiff necessarily abandoned the labor contracting agreement. On August 27, 1964, defendant received an itemized statement showing total charges of $6,228.29, payments of $3,405.81, and a balance due of $2,822.48. No further payments were made, and

suit was brought for that amount. The plaintiff testified that the defendant never disclosed to him that he would be, or was, working for George Noroian Company, a corporation, rather than for the individual defendant; that he never knew a corporation was involved but believed that he had been hired by and was working for the defendant; that, although the three checks evidencing part payment bore the company name (which did not disclose that it was a corporation) and were signed by ''George Noroian, Pres.,'' he accepted the checks as he would have accepted cash, without notice of the printed material thereon; and that, in the initial conversation as well as all subsequent conversations, the defendant spoke in the first person, i.e., ''I need the people,'' ''This is my problem, money,'' and never told the plaintiff he was acting for the corporation. The defendant testified that he was president, general manager and a 50 percent stockholder of the George Noroian corporation; that the fruit was grown on a ranch owned by another corporation in which he had an interest, but that the George Noroian Company had purchased the crops in the orchards; that he told the plaintiff he was to perform the work for the company and that the defendant acted solely as the disclosed agent of a known principal.

The defendant first contends that the trial court erred in finding against the defendant on the theory of undisclosed agency. He relies upon *Hayman* v. *Shoemake,* 203 Cal. App.2d 140 [21 Cal.Rptr. 519], *Automatic Poultry Feeder Co.* v. *Wedel,* 213 Cal.App.2d 509 [28 Cal.Rptr. 795], and *Peterson* v. *Kaufman,* 100 Cal.App. 330 [279 P. 1016], for the proposition that a personal judgment against a known agent of a disclosed principal is unjustified. This is true but has no application here where the court impliedly found, on conflicting evidence, that the defendant did not disclose to the plaintiff that he was acting for a principal. The defendant does not challenge the sufficiency of the evidence in this regard but argues that the ''preponderance of the evidence'' supports the defendant's position. The rule of preponderance is for the trial court but has no application to a reviewing court. Upon an appeal the implied finding must be upheld if it is supported by any substantial evidence, regardless of conflicts or contradictions. (*Berniker* v. *Berniker,* 30 Cal.2d 439 [182 P.2d 557]; *Primm* v. *Primm,* 46 Cal.2d 690 [299 P.2d 231].)

In this case there is ample evidence to support the finding of the trial court of personal liability of the defendant. In addition to the evidence briefly summarized above, the

record indicates that not all of the work performed by the laborers furnished by the plaintiff was done for the account of the corporation, which owned the crops but had no duty of bringing the crops to maturity. The defendant testified that some of the charges related to work in ''propping'' trees. The record is clear that it was not for the account of the George Noroian Company. The defendant relies upon a statement contained in *Carlesimo* v. *Schwebel,* 87 Cal.App.2d 482, at page 486 [197 P.2d 167], that ''. . . the mere self-serving statement of the third party that he did not know of the existence of the corporation is not binding on the trier of the facts.'' In that case the trial court found a disclosed agency and the appellate court upheld the finding, based on sufficient substantial evidence, and stated simply that the testimony of the plaintiff to the contrary did not bind the trial court. Here the trial court found, by implication, an undisclosed agency situation based on sufficient evidence and the self-serving assertions of the defendant to the contrary are not binding on the trier of the facts. The evidence to which defendant points might support, but does not compel, a finding in his favor on this point.

Defendant next contends that the trial court erred in finding that an account had been stated between the plaintiff and the defendant. First, it is difficult to find prejudice even if the assumption be made that the defendant's position is well taken. There were three causes of action in the complaint, in form generally referred to as the common counts. The first cause of action is based on quantum meruit. The second count alleged that the defendants became indebted to the plaintiff on an open book account. The third cause of action alleged an account stated as of August 27, 1964, upon which the sum of $2,822.48 was agreed upon as the balance due plaintiff. The court made express findings in favor of the plaintiff on all three counts. Thus, even if its finding that an account was stated falls, its findings on the other two counts remain unchallenged and must stand. Either of those two findings will support the judgment. (*Pearson* v. *Norton,* 230 Cal.App.2d 1 [40 Cal.Rptr. 634]; *Vogelsang* v. *Wolpert,* 227 Cal.App.2d 102 [38 Cal.Rptr. 440].) It would therefore serve no useful purpose to analyze the evidence for the purpose of showing, as it may thus be shown, that the finding under attack is well supported and there was no error in this regard.

Defendant lastly complains because the trial court refused to permit him to introduce evidence of an alleged offset or counterclaim. He relies upon general language set out in 2 Witkin, California Procedure (1954) Pleading, section

528, subdivision (3), page 1522, that when the complaint contains common counts a general denial is sufficient to raise almost any kind of defense, including some that ordinarily require special pleading. As has been noted, the complaint contains three common counts. The answer sets out a general denial to each count, and alleges: "These answering defendants further affirmatively allege that the said sums heretofore paid by defendant, George Noroian Company, to plaintiff were in excess of the total amount of farm labor furnished by plaintiff to said defendant, and pray leave of Court to amend the answer of defendant, George Noroian Company, herein, and to request further and additional affirmative relief by filing a cross-complaint herein upon ascertaining the correct amount of excess charges made by plaintiff to said defendant, George Noroian Company." No cross-complaint was filed. On cross-examination during the trial the plaintiff testified that the gasoline allowance of $7.00 per day did not cover his expense in transporting the workers daily to and from Madera and Orange Cove, a distance of over 100 miles; that he discovered the defendant had a labor camp on his farm which was not in use; that he asked the defendant for permission to use the camp for the workers; that the defendant replied he was saving it for braceros who would pick his figs; that the plaintiff then agreed to pick the figs if he could use the camp; and that he did use the camp. An objection based on the grounds that the line of questioning was immaterial and irrelevant, outside the scope of the issues framed by the pleadings and outside the scope of the direct examination, was sustained after a long colloquy between the trial judge and counsel. From the colloquy it appears that the defendant believed he had a cause of action against the plaintiff for breach of the contract to pick figs and for damage allegedly done to the camp while it was occupied by the plaintiff and the workers. He contends that he had a right to adduce evidence on this unliquidated claim, without pleading it in his answer.

Section 437, Code of Civil Procedure, provides in pertinent part:

"The answer of the defendant shall contain:

"1. A general or specific denial of the material allegations of the complaint controverted by the defendant.

"2. A statement of any new matter constituting a defense or counterclaim."

Where, as here, causes of action are stated in the form of common counts, certain defenses may be urged without having been specially pleaded in the answer. The rule is set out in

*Bridges* v. *Paige,* 13 Cal. 640, at page 641, thusly: "Anything which shows that the plaintiff has not the right of recovery at all, or to the extent he claims, on the case as he makes it, may be given in evidence upon an issue joined by an allegation in the complaint, and its denial in the answer. Where, however, something is relied on by the defendant which is not put in issue by the plaintiff, then the defendant must set it up. That is new matter—that is, the defendant seeks to introduce into the case, a defense which is not disclosed by the pleadings."

In *Bridges,* the complaint sought to recover for the reasonable value of legal services. Under a general denial the defendant was permitted to show negligence on the part of the attorney in performing the services. In *DeSantis* v. *Miller Petroleum Co.,* 29 Cal.App.2d 679, 683 [85 P.2d 489], the defendant, under a general denial to a common count for reasonable value, was held to be entitled to claim the restrictive liability provisions relating to partnerships provided in section 2403 of the Civil Code (now Corp. Code, § 15009). By way of dicta, the reviewing court, in *Wallace* v. *Crawford,* 21 Cal.App.2d 394 [69 P.2d 455], held that a general denial to a count based on quantum meruit permits a defendant to adduce evidence of an accord and satisfaction or a stated account. At page 403 of the opinion, the court stated:

"It is the general rule that the defense of accord and satisfaction must be pleaded. But where the complaint is based on a common count, as it was in this case, the defendants may urge any defense which tends to show that the plaintiff has not a subsisting cause of action. [Citations.] And where the complaint affirmatively alleges a payment on account of the claim sued upon, the payment may be shown to constitute an accord and satisfaction without specially pleading that defense."

*Heaton-Hobson etc. Offices* v. *Arper,* 145 Cal. 282 [78 P. 721], dealt with an action stated in the form of a common count to recover the reasonable value of legal services. The answer alleged that plaintiff's assignor was indebted to the defendant in the sum of $16.90 over and above all claims and offsets and also alleged an account stated which showed a balance of $16.90 due to the defendant. The defendant was permitted to adduce evidence with respect to his allegation of an account stated. It is notable here that the issue was in fact presented by the answer, although inartfully. In *Aetna Carpet Co.* v. *Penzner,* 102 Cal.App.2d 859 [228 P.2d 347], the plaintiff sued in a common count for goods, wares and merchandise sold to the defendants. At the trial the plaintiff's president

testified that the goods purchased, a white carpet, had been delivered. The trial judge refused to permit the defendants to introduce evidence to show that the carpet delivered was not the one which they had purchased. The refusal was based on the failure of the defendants to plead such defense. On appeal it was held that the trial court erred in refusing to admit the evidence. At page 860 of the opinion, the appellate court pointed out that the witness had testified that the defendants had been sold a white carpet and that the carpet selected by them had been delivered. It was therefore proper cross-examination to question the witness as to whether the carpet which had been sold was, in fact, delivered. Proof on this point was within the issue as pleaded by the plaintiff and as denied by the defendant and was not new matter. In *Evans* v. *Zeigler*, 91 Cal.App.2d 226, 230 [204 P.2d 902], it was held that when a cause of action is stated in the form of a common count, the defense of the statute of limitations must be raised by demurrer if it affirmatively appears on the face of the complaint that the cause of action is barred; but otherwise the defendant may urge the defense without specially pleading it.

It will be noted that the evidence sought to be adduced in each of the above summarized cases was of a type "tending to show that the plaintiff has no right to recover or to recover to the extent that he claims." (*Aetna Carpet Co.* v. *Penzner, supra,* 102 Cal.App.2d 859, 860.)

The facts in the instant case are more analogous to the facts in cases which have held that evidence should be excluded since it constituted new matter. *American Steel Pipe etc. Co.* v. *Hubbard*, 42 Cal.App. 520 [183 P. 830], distinguished in *Aetna Carpet Co.* v. *Penzner, supra,* dealt with an action on a written contract for the sale of orchard heaters. The defendant was precluded from introducing evidence that water leaked into the heaters when it rained which fact constituted a violation of an implied warranty. At page 523, the court said: "As to this contention, it is sufficient to say that defendant's pleading contains no defense predicated upon a violation of an implied warranty."

In *Hannon* v. *Goucher*, 117 Cal.App. 455 [4 P.2d 239], the complaint set out common counts based on a written contract for legal services. At the trial the defendant attempted to introduce evidence of a prior contract with the attorneys fixing a fee on a percentage basis and dealing with the same property in a prior litigation. It was held: "Not being disclosed by the pleadings in any way, such contract would seem

to be new matter [citation] and should have been pleaded in the answer, under section 437 of the Code of Civil Procedure . . . ." (P. 460.)

And in *Smith* v. *Norman I. Fadel, Inc.*, 215 Cal.App.2d 13 [29 Cal.Rptr. 839], the plaintiff brought suit for breach of a contract to fertilize and seed certain land, alleging prevention of performance by defendant. The defendant attempted to introduce a setoff or counterclaim relating to the defective condition of bales of straw which the plaintiff had delivered. At page 17 the reviewing court said: "In the instant case, even if we accept the erroneous statement in defendant's brief that judgment was entered on the *first* cause of action for $755, it is clear that the 'goods sold and delivered to said defendant' in the amount of $655.20, as alleged therein, did not include the straw, it having long since been delivered and paid for in full. Hence, any claim by defendant based upon the alleged condition of the straw was *new matter* and should have been pleaded."

In the case under consideration the alleged claim that the plaintiff breached a subsequent contract to pick figs coupled with an alleged claim of damage to the defendant's labor camp, the use of which was not a part of the original agreement, constituted new matter and should have been pleaded. The only indication of a defense set out in the answer is that the defendant overpaid the plaintiff; and some indication that the defendant would seek leave to file a cross-complaint. No cross-complaint having been filed, the plaintiff appeared in court prepared to prove his case. He could not be expected to meet a special defense by way of counter-claim or cross-complaint based upon a subsequent and independent contract giving rise to different facts and requiring different proof. The court properly excluded the evidence sought to be introduced by the defendant.

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.